## MARIA PHILBRICK *vs.* GEORGE C. EWING.

E. conveyed to P. a house and land by a deed of warranty. At the time of this convey-
ance the only supply of water to the premises was through a pipe laid across land of a
third person to a highway, where it joined a branch leading from the main pipe of an
aqueduct company. Under a contract with the aqueduct company and on payment of an
annual compensation therefor, E., at the time of his conveyance to P., had a right to draw
water from the main pipe, through this branch, for his own use, and to dispose of it to
others. The pipe from the house to the branch was originally laid, for the purpose of
bringing water to the house, by a tenant of E., under an oral license from the third per-
son across whose land it passed, and was bought by E. of the tenant at the expiration
of his tenancy. No mention of it was made in the deed from E. to P. After executing
that deed, E. cut off this pipe at the boundary of the land which he conveyed to P., and
dug it up from there to its junction with the branch in the highway, and carried it off.
In an action of tort by P. against E., *Held,* that the pipe so dug up and carried off was a
fixture appurtenant to the house and passed by E.'s deed to P., but that the deed con-
veyed no right of drawing water through that pipe from the branch in the highway.

TORT for digging up and carrying off a water pipe and there-
by cutting off the flow of water to the plaintiff's house and
land.

At the trial in the superior court, before *Rockwell,* J., the facts
appeared in evidence which are recited in the opinion of this
court; and testimony also was admitted, against the defendant's
objection, tending to show that during the negotiations between
the parties which resulted in the plaintiff's purchase of the house
and land, the defendant pointed out to her the water-pipe, which
was at the time discharging water into a sink in the house, and
told her that " the aqueduct belonged to the property and went
with it;" and that this was an inducement without which she
would not have made the purchase.

The plaintiff contended that the defendant was estopped from
asserting title to the pipe which he dug up, and from any right
to obstruct the flow of water through it; but the judge ruled
that upon the facts the plaintiff could not maintain her action;
and she alleged exceptions.

*G. M. Stearns & M. P. Knowlton,* for the plaintiff.

*H. Morris,* for the defendant.

HOAR, J. This case presents some peculiar questions, arising
from a combination of facts and circumstances which does not

seem to have had any parallel in adjudged cases. At least, **no** case has been cited by counsel which appears to have much resemblance to it; and our own research has failed to find one.

The wrong of which the plaintiff complains is the digging up and cutting off of a lead pipe, through which water was brought to her house. She claims a right to the pipe and the water as an appurtenance to her house and land, which she holds under a deed of warranty from the defendant. The pipe was not mentioned in the deed; but at the time of the conveyance it furnished the only supply of water to the house, and passed from the premises conveyed, through land of a third person, to a highway, where it connected with a branch leading from the main pipe of the Mount Tom Aqueduct Company. The defendant cut off the pipe where it connected with this branch in the highway, and at the boundary of the plaintiff's land, and dug it up from the land through which it passed between these points, and carried it away. The pipe thus cut off and dug up had been laid down by a tenant of the defendant, who occupied the house which was conveyed to the plaintiff; and the defendant bought it of him at the expiration of his tenancy. It was laid down in the land between the plaintiff's land and the highway only under a parol license from the owner.

The defendant was a stockholder in the Mount Tom Aqueduct Company; and having some years ago put down the branch along the highway, through land of his own and of other persons, to the main aqueduct from the spring owned by the aqueduct company, was allowed to receive as his portion the water which flowed through it, for his own use and to dispose of to others, by paying four dollars a year for each penstock.

We do not perceive, upon these facts, that any right of water would pass by the grant of the house as an appurtenance. It is indeed well settled that a conduit or pipe to conduct water to a house will pass as appurtenant to a grant of the house. *Brown* v. *Nichols*, Moore, 682. *Nicholas* v. *Chamberlain*, Cro. Jac. 121. But an easement, where it is not expressly described in the conveyance, must actually belong to the estate conveyed, in order to pass by implication. The rule is commonly stated to be, that

the grantor conveys by his deed, as an appurtenance, whatever he has the power to grant, which is practically annexed to the granted premises at the time of the grant, and is necessary to their enjoyment in the condition of the estate at that time. " The grant of a principal thing," says Chief Justice Shaw, " carries all things necessary to the use and enjoyment of the thing granted, which the grantor had power to convey." *Tourtellot* v. *Phelps*, 4 Gray, 378. See also *Johnson* v. *Jordan*, 2 Met. 234 ; *Parker* v. *Bennett*, 11 Allen, 388. But the defendant did not own the water which came to the plaintiff's house. That he was a stockholder in the company to which it belonged is of course immaterial. His individual right was only under a contract to receive it on paying an annual compensation. This was a mere personal right, which formed no part of the real estate which he conveyed, and could not be made appurtenant to it by implication.

The other question in the case depends upon different principles. The defendant owned the whole pipe, from the sink in the house which he sold to the plaintiff, to its junction with the branch in the highway. He undertook to cut it off where it left the plaintiff's land, and claims that only that part of it which was within the premises conveyed passed to the plaintiff by the deed of conveyance. But we can see no just ground for this claim. The pipe was put in by his tenant, and afterward purchased from the tenant by him, as one entire thing. It was designed for the use of the plaintiff's house, and for no other purpose. If it extended into the land of a third person, and into the highway, it does not appear that the owner of that land objects to its continuance, or authorized or required the defendant to remove it. We are, therefore, of opinion that the whole of it, at the time of his conveyance to the plaintiff, was a fixture annexed to the house, and passed by the deed. He had no more right to cut off a piece of the pipe, because it ran into another's land, than he would have had to cut off a piece of a spout which projected over the adjoining premises. If the owner of that land objected to its continuance, the plaintiff would be obliged to draw her pipe in ; but until objection was made, or if she **could**

obtain a license for it to continue, she could let it remain as her predecessor had done.

We suppose it is a common thing in cities, for the owner of a house to connect it by a pipe with the pipe in the street belonging to a water company, and that such a pipe would pass by the sale of the house, although the owner of the house did not own the soil of the street. So in case of a drain pipe connecting with a common sewer; on a sale of the house the vendor could not take it away. That the owner of the house had no right to the water except by contract, or to use the common sewer except upon terms to be agreed on, would not affect this right of property. The court being of opinion that the pipe which the defendant dug up and converted to his own use was, upon the facts reported, a part of the house which he had sold to the plaintiff, are necessarily brought to the conclusion that the action of tort could be maintained.

*Exceptions sustained.*