[No. 12633.  In Bank.—December 3, 1888.]

GEORGE STANDART, APPELLANT, *v.* ROUND VALLEY WATER COMPANY, RESPONDENT.

| 77 | 399 |
| 79 | 571 |
| 77 | 399 |
| 110 | 585 |

QUIETING TITLE—WATER-PIPE AND WATER RIGHT APPURTENANT TO MILL—ARTIFICIAL WATERCOURSE.—An action lies to quiet title to a sheet-iron water-pipe, and to the water flowing through the same from a reservoir to a quartz-mill owned by the plaintiff, to which the pipe and water right are appurtenant. Such water-pipe constitutes an artificial watercourse appurtenant to the real estate.

ID.—CONCURRENT REMEDIES.—The existence of concurrent remedies at law for trespass or for an injunction in equity is not exclusive of the right to sue to quiet title, where the parties are claiming conflicting and adverse interests in real estate.

ID.—PLEADING—GENERAL DEMURRER.—When the facts alleged in a complaint to quiet title to water flowing through a pipe to the plaintiff's mill show that the use of the water is necessary to the use of the mill, the absence of a direct allegation to that effect will not vitiate the complaint as against a general demurrer.

APPEAL from a judgment of the Superior Court of Plumas County.

The facts are stated in the opinion of the court.

*Goodwin & Goodwin,* for Appellant.

*W. W. Kellogg,* for Respondent.

WORKS, J.—The complaint in this case alleges, in substance, that the plaintiff is the owner and in possession of a certain mill site and a quartz-mill thereon, situate about four hundred feet below the dam known as the Round Valley Reservoir dam; that during the twenty years he and his grantors have owned and possessed the same, they have owned, possessed, and used, and the plaintiff does now own, possess, and use, a sheet-iron pipe, extending from the water-wheel in said mill to and through said reservoir dam, which pipe, during all of said time, has been, and still is, a part of said mill, and used with the same; that said pipe has been, during all of said time, and now is, the only outlet for the water stored in said reservoir; that plaintiff is, and he and his grantors have been during all of said time, the owner of the water flowing from said reservoir through said pipe to the extent of 350 inches, measured under a four-inch pressure, as a motive power with which to propel the machinery of said mill, and have used, and plaintiff now has the right to use, the same for said purpose; that the defendant claims to own said reservoir as a storage-room for water for sale, and claims to own a water ditch from North Cañon, immediately through which the water so stored is distributed and sold after leaving plaintiff's said premises, and claims some right or title in said iron pipe, and in said water as it flows through said pipe, adverse to plaintiff's ownership and use thereof, and intends to divert said water from said pipe, and to deprive plaintiff of the use thereof as aforesaid, and that said claim is invalid.

The prayer of the complaint is, that defendant be required to set forth its right or title to said water-pipe and water; that its rights, so far as they are adverse to plaintiff, be declared invalid; and that plaintiff be quieted in his title and use in said water and pipe to the extent and for the uses and purposes set forth.

A demurrer to the complaint on the ground that the

same does not state facts sufficient to constitute a cause of action was sustained, and judgment rendered thereon in favor of the defendant, from which plaintiff appeals.

The only question before us is as to the sufficiency of the complaint. We see no objection to its form. We are not favored with any brief on behalf of the respondent, and are not informed of the grounds upon which the court below held it to be bad. We infer from what is said in appellant's brief that it was held that the property mentioned in the complaint was not real estate, and therefore not the subject of an action to quiet title.

The complaint raises two questions: 1. That of the ownership and right to use the iron pipe through which the water is conducted from the reservoir to the mill; 2. The right to the water contained in the reservoir to the extent mentioned in the complaint.

As to the first of these, the ownership of the soil, through or over which the pipe passes, is not claimed. If the pipe is personal property, any interference with it would certainly be a trespass, for which a recovery might be had in an action at law. So if by reason of its connection with plaintiff's mill, it can be regarded as an interest in real estate, an action at law would lie for the recovery of damages, or if it were necessary to prevent the defendants. so using or interfering with the same as to work the plaintiff injury, he might have resorted to the preventive remedy of injunction. But neither of these remedies can be regarded as exclusive. If the parties are claiming conflicting or adverse interests in the property, and it is an interest in real estate, there is no more simple, direct, or satisfactory proceeding by which to settle these conflicting claims than the one here chosen.

The water-pipe used, as is alleged in the complaint, is what is sometimes termed in the decided cases an artificial watercourse. (*Farmer* v. *Ukiah Water Co.,* 56 Cal. 13.)

LXXVII. CAL.—26

We may very properly consider together the alleged right to the watercourse and the ownership of the water itself, and the right to flow the same through the pipe to be used in propelling the machinery of the mill with which it is connected.

By the provisions of our code, real or immovable property consists of,—1. Land; 2. That which is affixed to land; 3. *That which is incidental or appurtenant to land;* 4. That which is immovable by law. (Civ. Code, sec. 658.)

"A thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit; as in the case of a way or watercourse, or of a passage for light, air, or heat, from or across the land of another." (Civ. Code, sec. 662.)

The question whether the right to have water flow upon lands through an artificial water-way is appurtenant to the real estate, frequently arises where a conveyance of the real estate and its appurtenances has been made. The case of *Farmer* v. *Ukiah Water Co.*, 56 Cal. 13, is a case in point. There the action was to determine the rights of the parties in the water in controversy, and for an injunction. The water had been conveyed by the defendant to one Lamar, who owned about four acres of land, with a dwelling-house and other buildings thereon, and who brought the water, so conveyed to him, on to said land, and used the same thereon for irrigation and domestic purposes. Lamar conveyed the premises, with the appurtenances belonging thereto, to one Bell, from whom, through mesne conveyances, plaintiff deraigned his title. Subsequently Lamar conveyed the water right to one Todd, through whom the defendant claimed the right to, and did, deprive the plaintiff of the water. The court below found for the defendant, but this court reversed the judgment, holding that the water right there in controversy became and was appurtenant to the land in the hands of Lamar, and

passed by his deed and mesne conveyances to the plaintiff. Other cases in this court are to the same effect. (*Fratt* v. *Whittier*, 58 Cal. 126; 41 Am. Rep. 251; *Lower Kings R. W. D. Co.* v. *K. R. & T. C. Co.*, 60 Cal. 408.) We cite, as establishing this doctrine, Angell on Watercourses, secs. 141, 161, 167; *Kilgour* v. *Ashcom*, 5 Har. & J. 83; *Philbrick* v. *Ewing*, 97 Mass. 133.

There is no direct allegation in the complaint that the use of the water flowing through the pipe is necessary to the use of the plaintiff's mill, but the facts alleged sufficiently show such necessity.

We hold that the complaint states facts sufficient to constitute a cause of action, and that the demurrer to it should have been overruled.

The judgment is reversed, with the instruction to the court below to overrule the demurrer to the complaint.

PATERSON, J., SHARPSTEIN, J., SEARLS, C. J., and Mc-FARLAND, J., concurred.