[No. 12441. In Bank.—July 3, 1889.]

B. P. PEREGOY ET AL., DEFENDANTS AND APPELLANTS, *v.* JAMES SELLICK, PLAINTIFF AND RESPONDENT.

APPEAL — TITLE OF CAUSE. — It is the long-settled practice of this court not to transpose the names of the parties when the defendant appeals.

QUIETING TITLE — WATER RIGHTS — PLEADING. — An action will lie to quiet title to a water right acquired by appropriation by means of a dam and ditch, and to the full flow of the stream to the head of the ditch, and a complaint alleging an appropriation by plaintiff of the water for purposes of irrigation and domestic purposes, and charging

an adverse entry upon the stream and diversion of the water by defendants, and that the claim of the defendants is entirely subject to plaintiff's claim and title, and is wholly invalid and without right as against the appropriation of said water by plaintiff, states a cause of action.

ID. — CONTROVERSY AS TO TITLE — TIME OF USE OF WATER — FINDINGS. — When the complaint alleges that defendants were making preparations to divert the whole of the water in controversy under a claim of right to do so, and the answer asserts a right to use forty inches of the stream for irrigation of defendant's lands, and the issues as to title are found in favor of plaintiff, findings are not necessary upon the questions whether defendants claim water belonging to plaintiff at a time when plaintiff shows himself entitled to it, or whether defendants have actually interfered with the use of the water at the season when plaintiff was entitled to it.

ID. — DIVERSION OF WATER — ADVERSE CLAIM. — It is not necessary, in order to maintain an action to quiet title to a water right, that there should be an actual interference with the plaintiff's right. The assertion of an adverse claim is all that is required.

APPEAL from a judgment of the Superior Court of Lassen County.

The facts are stated in the opinion of the court.

*Spencer & Raker,* and *A. L. Shinn,* for Appellants.

*Goodwin & Davis,* and *W. N. Goodwin,* for Respondent.

BEATTY, C. J. — The record and the brief of the appellants in this case bear the above title, which, in view of the long-settled practice of the court not to transpose the names of the parties when defendant appeals, is confusing, if not positively misleading. We take the occasion to express the hope that we may receive no more records or briefs entitled in this way.

The case is this: —

Sellick, the plaintiff, owned lands bordering on a natural stream. He went above his land, on land of the government, put a dam in the stream, and by means of a ditch of sufficient capacity heading above the dam, diverted all the water of the stream, which he conducted to the higher parts of his own land, and has since continuously used thereon to irrigate his crops of grass, etc.,

and for domestic purposes. Subsequent to this appropriation by plaintiff, the defendants acquired from the government lands bordering on the stream above plaintiff's dam, and commenced diverting water from the stream by means of ditches, for the irrigation of their crops. The plaintiff thereupon commenced this action to *quiet his title* to the full flow of the stream down to the head of his ditch. In his complaint he alleged his ownership of the land and appropriation of the water for beneficial uses, substantially as above stated, and charged that the defendants had "entered upon said stream above said land and above the head of the ditch of plaintiff, and made some claim to the whole of the water flowing in said stream, and are making preparations to divert and use said water so as to deprive plaintiff of the use thereof."

It will be seen that the entry and diversion, or claim of right to divert by the defendants, is not expressly charged to have been subsequent to plaintiff's appropriation. But it is charged "that whatever claim the defendants, or either of them, have or may make to said water or the use thereof, the said claim or right is entirely subject to plaintiff's claim and title to said water, and is wholly invalid and without right as against the appropriation of said water by plaintiff."

. The prayer of the complaint is, that defendants be required to set forth their claim, etc., and that plaintiff have judgment "quieting him in the use, right to use, and title to all of said water as aforesaid, against the defendants and either of them, and that said defendants have no right or title to the same, or any portion thereof," etc.

To this complaint the defendants interposed a general demurrer, which was overruled, whereupon they answered, denying plaintiff's appropriation, and setting up their riparian rights and use of the water diverted by them for irrigation of their crops.

The case was tried by the court upon these issues. Findings, conclusions, and judgment were made and given in favor of the plaintiff.

The defendants appeal from the judgment upon the judgment roll.

1. It is contended that the superior court erred in overruling the demurrer to the complaint. We do not think so. The complaint is, perhaps, justly amenable to some of the criticisms directed against it, but it states facts sufficient to constitute a cause of action. It presents a case substantially like the case of *Standart* v. *Round Valley Water Co.*, 77 Cal. 399, in which we held that this action would lie to quiet title to rights of the character here involved.

2. It is contended that the superior court has failed to find upon all the material issues raised by the pleadings, and that the findings made do not support the judgment. We think every material fact has been found, and that the findings do support the judgment. The two points under this head upon which counsel for appellants most strongly insist are: 1. That it is not shown by allegation or finding that the defendants claim any water which belongs to plaintiff at a time when plaintiff shows himself entitled to it; and 2. That defendants are not shown to have interfered with the use of the water at the season when plaintiff was entitled to it.

As to the first point, the complaint shows that defendants were making preparations to divert the whole of the water, so as to deprive plaintiff of the use of it, and that they did this under claim of a right to do so.

The answer asserts a right to use forty inches of the stream on the lands of defendants for irrigating crops (necessarily during the irrigating season), and this assertion of right renders a finding upon the point unnecessary.

As to the second point, it is only necessary to say that

the right to maintain this action does not depend on an actual interference with plaintiff's right. The assertion of an adverse claim is all that is required.

No error appears in the record.

Judgment affirmed.

WORKS, J., SHARPSTEIN, J., PATERSON, J., THORNTON, J., and McFARLAND, J., concurred.