## MULROONEY, Appellant, v. OBEAR et al.

### Division Two, February 3, 1903.

1. **Water Pipes:** EFFECT OF SALE: ACKNOWLEDGMENT. Water pipes laid for a whole addition along alleys and connected by one meter to a city waterworks system are personalty, and a bill of sale is sufficient to transfer them to the purchaser, nor is it necessary to its validity that the bill of sale be acknowledged and recorded.

2. ———: MAINS: SUPPLY PIPES: EFFECT OF SALE OF LOTS: APPURTENANCES. A company laid out, platted and sold the lots of a subdivision near a city, and in order to induce persons to buy the lots, laid pipes in the alleys and connected them with the city water system, and from these mains ran supply pipes to the houses on the lots sold, and the deed to plaintiff was a general warranty, "with all the rights, privileges, immunities and appurtenances thereunto belonging," and after the sale the company paid the water taxes to the city, and divided the amount proportionately among the purchasers of the lots, and having sold all of them, the company then by a separate bill of sale sold the mains, meters and pipes to defendant, who was a stockholder of the company, and had full knowledge of the situation as to the water supply when he and the plaintiff bought. After defendant's purchase, he continued to pay the water rates and divided the amount proportionately among the lot-owners, but plaintiff disputed his right, and on

a threat to shut off the water unless his ratable share was paid, brought injunction to restrain defendant from doing so. *Held, first,* the mains in the alley and the meter at the connection with the city system did not pass to the purchasers of the lots as appurtenances, but the supply pipes from the mains to the house did so pass; *second,* plaintiff acquired the right to have water supplied to his premises at a reasonable rate so long as it could be obtained by defendant from the city, and the rates at which defendant offered it to plaintiff being reasonable, and having refused to pay them, plaintiff is not entitled to an injunction to restrain defendant from shutting off his water supply.

Transferred from St. Louis Court of Appeals.

CIRCUIT COURT JUDGMENT AFFIRMED.

*John R. Warfield* and *F. A. Heidorn* for appellant.

(1) The court erred in rejecting the testimony in reference to transactions between defendant Obear and Chew in reference to sale of property purchased by Chew. High on Inj. (2 Ed.), sec. 748, sec. 1549, p. 1178; Kerr on Inj. (2 Ed.), sec. 25, p. 25; Michael v. St. Louis, 112 Mo. 610; 7 Am. and Eng. Ency. of Law, 18; Midland L. Co. v. Kruger, 52 Mo. 418; Longworth v. Aslin, 106 Mo. 155; Pelkinton v. Ins. Co., 55 Mo. 172. (2) Plaintiff's deed conveyed the Hodiamont company's full title to the water and sewer pipes and meter, subject only to the like use and enjoyment of their privileges by other property-owners of the subdivision. 3 Washb. Real Prop. (3 Ed.), 338, 340; 3 Washb. Real Prop. (5 Ed.) 419, sec. 627; Tiedeman on Real Prop. (2 Ed.), 842; Williams on Real Prop. (17 Ed.), 478, 483, 689; Washb. on Easement and S. (4 Ed.), 40; 1 Am. and Eng. Ency. of Law, 641 to 645; Curry v. Smith, 54 Mo. 515; Railroad v. Maffitt, 94 Mo. 56; Wilson v. Beckwith, 117 Mo. 61; Daniels v. Cit. Sav. Inst., 127 Mass. 534; Philbrick v. Ewing, 97 Mass. 133. (3) The deed should be construed most strongly against the grantor, and in the light of the surrounding circumstances under which it was made. Clemens v. Rannels, 34 Mo. 579; Nelson v. Brodhack, 44 Mo. 596; Jones v. De Lassus, 84 Mo.

541. And the acts of the parties for a series of years are admissible in its construction. Jones v. De Lassus, supra. (4) The deed of transfer of the Hodiamont company to defendant Obear conveyed no title, and is void as to plaintiff and his associate property-owners acquiring prior to the recording of the conveyance. Secs. 2395, 2418, 2419, 2420, 2431 and 2399, R. S. 1889; 3 Washb. Real Prop. (3 Ed.), 254, 257; 5 Am. and Eng. Ency. of Law, 445; Green v. Yarnell, 6 Mo. 326; Fontaine v. Boatmen's Bank, 57 Mo. 552; Turner v. Carpenter, 83 Mo. 333; Saunders v. Blythe, 112 Mo. 1; Standiford v. Standiford, 97 Mo. 231; Huey v. Huey, 65 Mo. 689; Ebersole v. Rankin, 102 Mo. 488; Crowder v. Searcy, 104 Mo. 201; Allen v. De Groodt, 105 Mo. 442; Hall v. Hall, 107 Mo. 101; Cravens v. Rossiter, 116 Mo. 338; Rumsey v. Otis, 133 Mo. 85.

*Richard A. Jones, Chas. R. Crouch* and *Zach. J. Mitchell* for respondents.

(1) Appellant appears as a member of a so-called voluntary, unincorporated association, not as a trustee for it. All claiming relief must be parties, and if plaintiff seeks to try the title of this water system in this proceeding, there is a defect of parties plaintiff. Grocer Co. v. Crow, 36 Mo. App. 288. (2) Appellant makes no tender for the water of respondent which he has used, nor for that which he will continue to use, and, under the maxim that he who would have equity must do equity, has no standing. Daniel v. Waterworks Co., 48 Mo. App. 273; Johnson v. Duer, 115 Mo. 366. (3) An easement can be created only by deed or adverse user for statutory period. Fuhr v. Dean, 26 Mo. 116. (4) Conceding that appellant acquired an easement to have water furnished him upon making payment for it, he did not acquire title to the waterworks system itself. Tatum v. St. Louis, 125 Mo. 648; Ellinger v. Railroad, 112 Mo. 526.

GANTT, P. J.—A temporary injunction was grant-

ed in this case by the probate judge of St. Louis county, during the temporary absence of the circuit judge. Afterwards, on a full hearing, Judge HIRZEL dissolved the injunction, and from that judgment plaintiff appealed. The appeal was certified to the St. Louis Court of Appeals, and owing to a dissent of one of the judges the cause has been transferred to this court. This proceeding was begun June 22, 1897, and its purpose was to obtain a perpetual injunction against defendants restraining them from discontinuing or shutting off plaintiff's water service. Defendant Deavers is a mere nominal party, being the agent of Obear, his co-defendant.

The petition in substance states the following facts:

In September the Hodiamont Realty Improvement Company, a corporation organized and existing under the laws of this State, platted a subdivision of land in St. Louis county, immediately west of and adjoining the city of St. Louis, and named it "Hodiamont" and recorded the plat. To better enable it to sell its lots the said realty company obtained permission of the road overseer and laid a water-supply pipe in a public road known as Maple avenue, and by permission of the city authorities of St. Louis connected said pipe with the city waterworks, and put in a large water meter at the point of connection, just inside the city limits. In selling off its lots it reserved certain strips of land as alleyways, and in these alleys it laid service water pipes, which it connected with its supply pipe in Maple avenue, and also constructed sewers, and made the necessary connections with the water system.

After this water system had been laid, it constructed a house on parts of lots 96 and 97 in Hodiamont, and sold and conveyed said house and the ground on which it was erected to the plaintiff, Mulrooney, "together with all rights, privileges, immunities and appurtenances," by general warranty deed. The premises were afterwards connected with the water system, and plaintiff received his water supply from the city waterworks. Other lots were sold and the buildings connected with the service pipes and water supplied

from the city waterworks.

In 1893, the company having disposed of all its lots, wound up its affairs and formally relinquished its charter.  Before doing so, however, it sold to defendant Obear, who was one of its incorporators and stockholders, the water pipes and meter and all appurtenances by written bill of sale.

The city charged one hundred and sixty-five dollars for six months' supply of water to the subdivision, and by a mutual understanding this amount was distributed among the several householders in the subdivision, and it was collected through a voluntary association of the citizens and paid to the city.  This course was pursued until June, 1897, when Obear, the defendant, asserted his right to control the pipes and in a contest between him and the citizens the city water commissioner recognized Obear as the owner and issued the license to him and he paid the tax.  Thereupon, he assessed the tax on the citizens of Hodiamont at the same rate as that charged by the city.  The plaintiff Mulrooney refused to recognize Obear's right, and refused to pay his water tax, and Obear having threatened to shut off his water unless he paid, Mulrooney brought this suit to enjoin him from so doing.

In his bill he alleges that Obear and Deavers have no rights in said water meter, sewer or water pipes or any of them, and have no right to control or manage the same as against plaintiff and the other property-owners of the subdivision; that his threatened interference will work irreparable damage to plaintiff and other property-owners and they have no adequate remedy at law.

Obear in his answer pleaded his ownership of the water pipes and meter, and his right to manage the same and charge for the water.  He alleged that his charges were reasonable, being the same as those imposed by the city.

In his reply plaintiff denied Obear's purchase and title to the meter and pipes, and alleged that at the time he claimed to have bought them, the realty company

had disposed of all its property and yielded up its charter. He further averred that by its deeds the realty company had conveyed a common and exclusive right to use said water pipes and meter to the grantees in its said several deeds.

It is obvious not only from the pleadings but the contentions of counsel and the opinions of the circuit court and the Court of Appeals, that the one issue after all is, who owns and has the right to control the said meter and water supply pipes?

On the part of plaintiff it is insisted that the right is a common one belonging to the aggregate body of property-owners in Hodiamont, and any one of them can sue for himself and all the others to enjoin an interference with this right. Whereas Obear asserts that after the execution of the deeds to the lots the realty company continued to own the meter and water pipes and was obligated only to permit the several owners to connect therewith and receive a supply of water at reasonable rates.

If the realty company had not conveyed the meter, and water pipes by its deeds, then Obear's purchase vested them in him. The meter and pipes were personalty and the bill of sale was sufficient to transfer the meter and supply pipes. It was not at all essential to its validity that it should be acknowledged or recorded, and the finding of the circuit court that the transfer was made, is supported by the evidence.

The plaintiff's rights have not been seriously endangered by the action of Obear, as it is clear he could have continued to receive his water supply by paying the usual and regular city rates therefor, which were not shown to have been in excess of his proportion of the amount assessed to the whole subdivision under the previous voluntary arrangement. The controversy is narrowed down to the question of the medium through which he is to receive his water supply and that at last must be determined by the ownership of the meter and supply pipes.

In its last analysis the contention is reduced to

the effect to be given to the word "appurtenances" in the realty company's deed to plaintiff. It is clear that his deed does not otherwise purport to carry the right to the supply pipes in Maple avenue outside of his lots. Obear does not claim the service pipes which connect plaintiff's premises with the supply pipe in Maple avenue, and in view of the fact that these pipes were laid as an inducement for the purchase of plaintiff's lots, and by the grantor of those lots, we think they would pass as appurtenances to the lots which they were intended to serve.

Read in the light of the attendant circumstances in which the deed was made, we can go further and say that as between the realty company and Obear, who was a shareholder therein and who took his bill of sale with full knowledge of all the facts, on one side, and the several purchasers of the lots in Hodiamont, the latter also acquired the right to have water supplied to their premises at a reasonable rate, so long as it could be obtained from the city. But did his deed convey the supply pipe and do the facts in evidence justify such a construction of the deed? The right to have the water furnished at reasonable rates is one thing, and the title to the water main through which it is furnished is another. While the doctrine is broadly stated that "the grant of a thing will include whatever the grantor has power to convey, which is *reasonably necessary* to the enjoyment of the thing granted," it is not always easy to determine in a given case whether the thing under consideration is appurtenant or not.

This court in Barrett v. Bell, 82 Mo. loc. cit. 114, quoted with approval the decision of the Court of Appeals of New York in Ogden v. Jennings, 62 N. Y. 526, in which it is said: "Easements exist as appurtenant to a grant of lands, and as arising by implication, *only* by reason of a necessity to the full enjoyment of the property granted. Nothing passes by implication, or as incident or appurtenant to the lands granted, except such rights, privileges and easements as are directly necessary to the proper enjoyment of the granted es-

tate. . . . A mere convenience is not sufficient to create or convey a right or easement, or impose burthens on lands other than those granted, as incident to the grant. In all cases the question of necessity controls.''

The case more similar to this than any to which our attention has been called, or that we have been able to discover ourselves, is Philbrick v. Ewing, 97 Mass. 133. The wrong complained of in that case was the digging up and cutting off of a lead pipe through which the water was brought to the house of the plaintiff. She claimed a right to the pipe and the water as an appurtenance to her house and land, which she held under a deed from defendant. The pipe was not mentioned in the deed of warranty from defendant, but at the time of the conveyance it furnished the only supply of water to the house, and passed from the premises conveyed through land of a third person to a highway, where it connected with a branch leading from the main pipe of the Mount Tom Aqueduct Company. The defendant cut off the pipe where it connected with this branch in the highway and at the boundary of plaintiff's land, and dug it up and carried it away. The pipe had been laid by a tenant of defendant, and defendant had bought it at the expiration of the tenancy. The defendant was a stockholder in the aqueduct company, and having put down the branch pipe to the main aqueduct, was allowed to receive as his portion the water which flowed through it for his own use, and to dispose of to others by paying four dollars a year for each penstock. Under that state of facts the court had no hesitancy in holding that 'no right of water passed as an appurtenance by the grant of the house. That an easement not expressly granted must actually belong to the estate and as defendant did not own the water, but only had the contract right to receive it on paying an annual compensation, it was a mere personal right which formed no part of the real estate.

To this extent the cases are parallel. The realty company did not own the water supply to Hodiamont. The grantees from it knew it belonged to the city, and could only be obtained by purchase from the city, and

the city at its pleasure might discontinue it.   That the realty company had, for its own use, to aid it in selling the lots, laid its supply pipe and purchased the meter in order to supply its grantees with water at reasonable rates, and in this case, as in that, it is clear the water supply was not an appurtenance that would pass by its deed, but at most the right to purchase it at reasonable rates.   But in that case it was held that the service pipe from plaintiff's house to defendant's branch was an appurtenance and passed with the house by the deed.   So here, as already said, we think the connecting or service pipes which joined plaintiff's premises to the supply pipe in Maple avenue were appurtenant to the lots and passed by the realty company's deed.   But in the Massachusetts case it was not claimed that the plaintiff obtained a right in defendant's branch pipe, by which he supplied and sold water to others, neither do we think in this case that the supply pipe passed by the deed as a necessary appurtenance to plaintiff's property.

Giving the deed the most liberal construction, it only bound the realty company to furnish water at reasonable rates to its grantees who had purchased on the faith of the water system it had established, and to refuse to furnish it to those who, like plaintiff, refused to pay for it.   It did not convey its right to maintain, repair and enlarge its system and there is no necessity for giving the deed any such construction.   Certainly neither party regarded it that way at the time.   Plaintiff was the first purchaser and the evidence shows that his premises were not connected with the supply pipe in Maple avenue when he took his deed.   And there was no express covenant that he should have the right to connect, but it may be fairly implied from all the facts. But the right to connect with the supply pipe and receive water at the city's price or a reasonable price, is a different thing from obtaining a right in and to the main supply pipe itself.   The right to connect and receive the water has never been denied him.   Obear, indeed, offered it to him, but according to his own evidence he refuses to pay for it, and ignores Obear's right, which

the latter obtained by his purchase from the realty company. The irreparable injury which plaintiff alleges is threatening him can be averted by his paying the $6 per annum for the time the water has been furnished him and to continue to pay for the water which the defendant is willing to furnish him. In our opinion, the judgment of the circuit court dismissing the bill and dissolving the injunction was correct and it is affirmed.

All concur.