[Civ. No. 333.   Second Appellate District.—March 26, 1907.]

# AMESTOY ESTATE COMPANY et al., Appellants, v. CITY OF LOS ANGELES, Respondent.

JUDGMENTS—VACATION—MISTAKE OF LAW BY ATTORNEY—RELIEF IN EQUITY—INSUFFICIENT COMPLAINT.—Though a complaint in equity to vacate a judgment may disclose a sufficient ground for relief by motion under section 473 of the Code of Civil Procedure, addressed to the discretion of the court, for a mistake of law on the part of the defendant's attorney, had such motion been made in time, yet, the time having elapsed for such motion, the mere averment of such mistake of law in the complaint, not occasioned by any act of the defendant causing the plaintiff to default in an action brought by the defendant to quiet title to a water right against the plaintiff, states no cause of action for relief in equity against the judgment in such action.

ID.—MISTAKE IN ACCEPTING OPINION OF ATTORNEY—RIPARIAN RIGHTS—CLAIM OF WATER RIGHT BY CITY.—Where the complaint shows no mistake of fact on plaintiff's part, and the only mistake, if any, was in accepting the opinion of plaintiff's own attorney, as matter of law, that the claim of a water right on the part of the city was superior to that of the plaintiff as a riparian owner on the stream, which alone led it to make default in an action to quiet the city's title to the water against the adverse claim of the plaintiff, the rule is applicable that ''neither the ignorance, the blunders, nor the misapprehension of counsel, not occasioned by the adverse party, is any ground for vacating the judgment or decree.''

ID.—FALSE CLAIM OF CITY—ISSUE TENDERED BY COMPLAINT—CONCLUSIVENESS OF JUDGMENT—Conceding that the city's claim to the entire water of the stream was false and fraudulent as against the plaintiff, as a riparian owner, and might have been successfully defended, yet as an issue was tendered upon the claim, and the plaintiff, as defendant, was called upon to set forth any adverse claim on its part, the claim of the city was in no sense collateral to the merits of the action; and the judgment declaring the adverse claim is conclusive, where there was no concealment or imposition upon the court, and no extrinsic or collateral fraud is shown on the part of the city to prevent a fair submission of the controversy.

ID.—JUDGMENT UPON EVIDENCE—PRESUMPTION—INCONSISTENT AVERMENT OF VOID JUDGMENT.—Where the judgment set forth in the complaint shows that it was not merely rendered by default, but that it was ordered in accordance with the prayer of the complaint, the presumption is that it was rendered upon competent

5 Cal. App.—18

evidence, and the plaintiff cannot be heard in this proceeding in equity to question the sufficiency of the evidence presumably before the court, which was by it determined to warrant the judgment, and an inconsistent averment that it was, an unauthorized and void judgment by default is controlled by the judgment set forth.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

R. M. Widney, for Appellants.

W. B. Mathews, H. T. Lee, and J. R. Scott, for Respondent.

ALLEN, P. J.—Action to vacate a judgment of the superior court, and to enjoin defendant from asserting rights thereunder.

The complaint alleges ownership by plaintiff of a large ranch in Los Angeles county, traversed by the Los Angeles river, a non-navigable stream. That said lands are riparian to said stream and the waters thereof are necessary for the irrigation of said lands, and have been so used for more than fifty years. That heretofore, in April, 1903, while plaintiff was so seised, the defendant commenced an action against plaintiff in the superior court of Los Angeles county to determine conflicting interests as to such water, and its use; that service of summons was duly made upon plaintiff in June following. That after said service plaintiff correctly and fully stated all the facts involved in said litigation to its attorney, who advised it that it could not successfully defend against said action, and against further expense or litigation in reference thereto. That plaintiff, acting upon such advice, permitted its default to be entered and, on September 11, 1903, judgment was ordered by the court in accordance with the prayer of the complaint and duly entered, by which it was adjudged that the city was the owner in fee of the paramount right to the use of all of the water of said river so far as may be reasonably necessary from time to time to give an ample supply of water for the use of its inhabitants, and for all municipal and public uses, and that the rights of the plaintiff herein were subordinate to the rights of said city. It is al-

leged that this judgment was ordered upon an unverified complaint and no evidence was offered additional in its support.

Plaintiff, in the complaint under consideration, alleges, further, that the claim of right asserted by said city in its complaint was unfounded; that the said city possessed no rights to said water, and that it well knew such fact and falsely stated that it had title thereto, well knowing that plaintiff herein was the owner of said lands, and the riparian rights incident thereto. That plaintiff herein did not discover the mistake and error of its attorney for more than a year after the entry of the judgment aforesaid, nor until January, 1905. That had plaintiff known of the error and mistake of its counsel it would have appeared and defended said action, and by its answer presented a good and complete defense upon the merits. The complaint further alleges that the riparian rights of the plaintiff are of large value, and without which the value of its lands is destroyed.

A general demurrer of the city to the complaint was sustained by the court, and the plaintiff, not desiring to further amend, judgment was entered dismissing the plaintiff's action. From this judgment plaintiff appeals.

The judgment of dismissal, not being for one of the causes provided in section 581, Code of Civil Procedure, must be held a judgment upon the merits under section 582; and this appeal, therefore, involves the action of the court in sustaining the demurrer of the defendant to the complaint. The facts admitted by the demurrer would entitle plaintiff to relief under section 473, Code of Civil Procedure, had application been made to the court within a reasonable time, not exceeding six months. (*Parsons* v. *Weis*, 144 Cal. 410, [77 Pac. 1007]; *Douglass* v. *Todd*, 96 Cal. 657, [31 Am. St. Rep. 247, 31 Pac. 623].) "When the time within which a motion may be made has expired, and no laches or want of diligence is imputable to the party asking relief, there is nothing in reason or propriety preventing the interference of equity." (*Brackett* v. *Banegas*, 116 Cal. 285, [58 Am. St. Rep. 164, 48 Pac. 90].) But there is a marked distinction between the powers of the court in the first instance, wherein discretion is given to the court to relieve a party from a mistake, fraud, or from excusable neglect, under section 473, Code of Civil Procedure, and those powers exercised by a court of equity after the lapse of such time when proceedings are instituted by an

original bill to vacate the judgment of another court. That a former judgment may be set aside by a court of equity on the ground of fraud, it must be fraud extrinsic or collateral to the questions examined and determined in the action. (*United States* v. *Throckmorton,* 98 U. S. 61; *Pico* v. *Cohn,* 91 Cal. 129, [25 Am. St. Rep. 159, 25 Pac. 970, 27 Pac. 537]; *Langdon* v. *Blackburn,* 109 Cal. 26, [41 Pac. 814]; *Hanley* v. *Hanley,* 114 Cal. 692, [46 Pac. 736].)

When the city instituted its original action against plaintiff and served upon it a copy of the complaint, plaintiff had notice of the pendency of the action, was by the service required to appear and answer, and by the code required to set up any claim of right which it possessed to the property described in the complaint. There is no suggestion in the complaint that plaintiff was prevented by any act of the defendant from appearing and making a proper defense. Conceding the false and fraudulent character of the city's claim, an issue in relation thereto was tendered by the complaint, and such claim was one of the questions examined and determined in the action. Such claim was in no sense collateral. The judgment is conclusive, unless it is shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy. (*Fealey* v. *Fealey,* 104 Cal. 360, [43 Am. St. Rep. 111, 38 Pac. 49].) There was no concealment or imposition upon the court. The claim asserted by the city may have been one which the plaintiff herein could have successfully resisted; but it was nevertheless a claim, and under section 738, Code of Civil Procedure, an action may be brought by any person against another who claims an interest in real property adverse to him. The claim of the city was to the flow in a watercourse. This comprehends the right to have such flow continue in such watercourse over the lands affected, and such right claimed was a servitude upon the land of the plaintiff herein, and, to the extent of the easement, an interest claimed by the city affecting real property described in the complaint. (*Standart* v. *Round Valley Water Co.,* 77 Cal. 399, [19 Pac. 689].)

The selection of the attorney upon whose advice plaintiff acted was not induced by any act of the city. It is apparent from plaintiff's complaint that there was no mistake of fact upon its part. It knew of the claim of the city to the water

in the river, knew it was a non-navigable stream, and knew that it owned the land over which the watercourse extended and the incidental riparian rights appurtenant to such land. Its only mistake, if any, was in accepting the opinion of its attorney that, as a matter of law, the claim of right upon the part of the city was superior to that of the plaintiff as a riparian owner. "It is undoubtedly the true rule that neither the ignorance, the blunders nor the misapprehension of counsel, not occasioned by the adverse party, is any ground for vacating a judgment or decree." (Freeman on Judgments, sec. 508; Black on Judgments, sec. 375.) The facts involved in *Bacon* v. *Bacon,* 150 Cal. 477, [89 Pac. 317], were such as justified the conclusion that the plaintiff did not know of her own rights, which clearly distinguishes that case from the one under consideration.

A different rule obtains when the proceedings are under section 473, Code of Civil Procedure. That section is broad enough to justify the action of the court in relieving a party from a mistake of law upon the part of his attorney when from reliance thereon he was prevented from making a defense. (*Douglass* v. *Todd,* 96 Cal. 657, [31 Am. St. Rep. 247, 31 Pac. 623].) The broad provisions of that section are available, however, only to those seeking relief thereunder. It cannot be construed as an attempt to broaden the powers of a court of equity in determining its jurisdiction in an independent proceeding. The reason for applying different rules is obvious. In the one case, the motion is directed to the discretion of a trial court, within a limited time and before the judgment has become final; in the other, it is the exercise of equitable powers by an independent court based upon established rules. The restricted power of equity is founded upon the proposition that the verity of a judgment should under all circumstances be maintained when the attack is only upon those matters considered by the court upon the original hearing; without which rule there would be no end to litigation and no permanent rights could be established by judgments and decrees.

It is alleged in the complaint, although not urged in the briefs, that the judgment was by default and on its face void as unauthorized by section 751 of the Code of Civil Procedure. Were it conceded that section 751 applies to cases other than those where unknown owners are defendants, an inspection of

the judgment incorporated in the complaint develops that it was not by default, but was a judgment ordered in accordance with the prayer of the complaint, presumably upon competent evidence. In this proceeding, the plaintiff cannot be heard to question the sufficiency of the evidence, presumably before the court, which was by it determined to warrant the judgment.

We find no error in the record, and the judgment is affirmed.

Shaw, J., and Taggart, J., concurred.