FANNIE B. FISHER, Respondent, v. ST. JOSEPH WATER COMPANY, Appellant.

Kansas City Court of Appeals, December 5, 1910.

1. **PUBLIC UTILITY:** Negligence: Damages.  Plaintiff sued for injuries received by tripping on the end of an iron pipe protruding four or five inches above the surface of a path in the sidewalk space used by pedestrians on a public street. The iron pipe was put in by the Water Company, or under its rules and directions, as a part of the service in conducting water into the adjoining premises, the expense of installing the same being paid for by the owner of said premises and those appliances belonging to him as appurtenances of his realty. There was no evidence of defective construction, material or device.  *Held,* that the duty of using reasonable care to prevent the instrument from becoming a nuisance was on its owner, for whose particular benefit it was being used, and that there was no cause of action against the Water Company.

2. ———: ———: ———.  The duty of drawing off water from a street main, and conveying it to adjoining premises for consumption, properly rests on the consumer, and the rule imposing on the consumer the burden of making connection between his premises and the street main is a reasonable regulation.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin,* Judge.

REVERSED.

*Brown & Dolman* for appellant.

(1) The court erred in refusing to instruct the jury to find for defendant as requested by it in its instruction No. A. Burnes v. City of St. Joseph, 91 Mo. App. 489; George v. City of St. Joseph, 97 Mo. App. 56. (2) When the water company has kept its main pipe in order and has brought its water to the mouth of the connecting service pipe, and has started the water flowing through it towards the premises of the one who has made the connection, it has discharged its duty. Jackson v. City of Ellendale, supra. It is under no obligation to keep in repair a pipe which is not a part of its system and which it does not own. Jackson v. City of Ellendale, supra. It is the duty of the property owner to keep it in repair. Perrigo v. St. Louis, 185 Mo. 274; Reedy v. Brewing Assn., 161 Mo. 523; Carvin v. St. Louis, 151 Mo. 334. There is no obligation on the part of the water company to furnish citizens with these connecting pipes. Franke v. Water Co. (Ky.), 11 S. W. 432. (3) The water company did not place the stop-box in the sidewalk. This was done by the property owner at his own expense. The water company not having created the obstruction was under no duty to remove it. Lucas v. Railroad, 174 Mo. 270.

*Mytton & Parkinson* for respondent.

(1) Not only those who construct, but those who adopt, continue and use a nuisance are liable for damages where injury is done. Merrill v. City of St. Louis, 83 Mo. 244; Lucas v. Railroad, 174 Mo. 270. (2) The appellant herein in its statement seeks to give the impression that the respondent claims a right to recover against it because for the sake of conformity it elected to declare the kind and character of a stop-box which should be placed in the sidewalk, and selected one which

in dirt walks must by the action of frost necessarily and inherently become dangerous to pedestrians. This is not the position of the respondent. The position of the respondent is that the water company is liable because as a prerequisite to furnishing water from its supply to the consumer it required the consumer to pay for and construct in the sidewalk such a stop-box with its necessarily and inherently dangerous possibilities under the supervision and control of the appellant water company through its licensed plumbers and rules governing all plumbers permitted to work upon connections with the water supply for its own use and retained the stop-box and stop-cock under its control.

JOHNSON, J.—Plaintiff sued to recover damages for personal injuries she alleges were caused by negligence of defendant, a public service corporation engaged in the business of providing water to the people of St. Joseph. A trial to a jury resulted in a verdict and judgment in her favor and the cause is here on the appeal of defendant. The injury occurred at 9:30 p. m., January 8, 1908, in a path in the sidewalk space on the north side of Holman street just west of Twenty-second street in St. Joseph. The street was a public thoroughfare and the path had been used by pedestrians many years. Plaintiff, walking home from church, tripped on the end of an iron pipe which protruded four or five inches above the surface of the path and fell heavily to the ground, sustaining severe injuries.

We refrain from going into details of the injuries since no claim is made that the verdict was excessive. Counsel argue but one question, i. e., Did the water company owe a duty to people using that path to keep it free from obstructions to travel caused by the ill repair of appliances used in conducting water from the street main to the home of a consumer? It is the

contention of plaintiff that defendant owed her such duty and was guilty of a negligent breach thereof, while defendant argues that the pipe which caused the injury belonged to and was under the control of the property owner who, alone, was chargeable in law with the duty of keeping it in repair.

Under authority of ordinances of the city, defendant had laid and was maintaining its mains in the streets and alleys in the prosecution of its business of vending water to consumers who might wish to buy it, and had promulgated rules and regulations, the pertinent points of which were as follows:    When the owner or occupant of premises desired to avail himself of defendant's service, he was compelled to pay all of the expenses of conducting the water from the street main to his premises.   He could employ none but a plumber licensed by defendant who had given a bond conditioned for the observance of all of defendant's rules and regulations.   The plumber was compelled to obtain from defendant the service pipes, stop-boxes, stop-cocks, meters and other appliances and material used in installing the service and to follow specifications prescribed by defendant which required that a stop-box and stop-cock (purchased of defendant) should be set in the sidewalk, or sidewalk space, in front of the property.   Using this appliance, defendant could turn on the water or shut it off without having to go on the premises—a very useful and effective weapon to compel the prompt payment of water bills. Defendant and its licensed plumbers had keys to these stop-boxes and the consumer was not allowed to have a key.   There was but one type of stop-box and stop-cock provided by defendant and that had a telescoped pipe which permitted the top of the box to rise with the surface of the ground when from natural causes, such as freezing, the ground was caused to swell and rise.   The effect of this construction was that the

rusting of the pipe at the joint would prevent the top from dropping back when the surface of the ground receded from thawing. In the present instance the freezing of successive winters had elevated the box four or five inches above the path and there it remained an obstruction in the way of unwary pedestrians. Stumbling over this box caused the injuries of which plaintiff complains.

Since the property owner, in front of whose property plaintiff fell, had installed the service pipe, stopboxes and other appliances constituting the conduit from the street main to his premises, those appliances belonged to him as appurtenances of his realty. [Mulrooney v. Obear, 171 Mo. 613; Philbrick v. Ewing, 97 Mass. 133.]

Whether or not the rule which imposed on the consumer the burden of making connection between his premises and the street main was a reasonable regulation is a question we answer in favor of defendant. Though the authorities are not in accord on the proper answer to that question, those cited by defendant (State v. Gosnell, 93 N. W. [Wis.] 542, and Waterworks Co. v. Bingham, L. R. 25, Ch. Dev. 443) advocate the view that the consumer takes his water at the street main and must stand the expense of conducting it to his house and of measuring what he uses.

In the English case, counsel for the consumer argued: "You, the waterworks company supply the water, and it is to be paid for by measurement, you are, therefore, the persons who ought to know exactly what you supply. You are the persons, therefore, who ought to measure the water that you supply, and to charge me with the exact quantity of water which you so supply, and the defendant's counsel said it was exactly similar to this; that if instead of water it had been tea, and they had been bound to supply tea at so much a pound, they would have had to weigh the tea themselves and deliver so many pounds of tea, and

then they would have charged for the pounds of tea they had delivered, and the purchaser would not have been put to the expense of weighing the tea.''

In answering that argument, the judge delivering the opinion said: ''The whole fallacy of the argument of the counsel for Mr. Bingham lies in this, that he treats the company as supplying the water, whereas the proper thing would be to say that he is at liberty to draw off himself the water for the bath. He takes the water. It is not the company that supply it, and if he takes the water and gives it to himself, he is the only person who can, and he is the only person who must, measure the water that he so takes, and tell the company how much water he has taken.

''On that simple ground I come to the conclusion that the consumer is the only person who must measure the water. He is indeed the only person who can measure it, because the company do not know either at what time, or under what circumstances, or in what quantity he may be minded at any moment to take the water for the use of the bath, and upon that ground, and that ground alone, I should come to the conclusion, if I had to deal with this matter as *res integra,* that Mr. Bingham and every other consumer is bound himself to measure the water which he takes, and to keep a record of it, and to inform the company how much he has taken and how much he is liable to pay for.''

At first blush the reasoning of this opinion appears over-technical but due reflection has convinced us of the soundness of the conclusion that the burden of drawing off water from the street main and conveying it to his home for his own consumption may properly be cast on the consumer. Whether a public utility, such as a system of waterworks, be owned and operated by the municipality or by a private corporation, the consumers in the long run must pay, not only the operating expenses of the business, but also the whole cost of construction and expense of maintenance and

betterments, together with a reasonable profit on the investment, if the business be in the hands of a private corporation. It would seem to be more fair and just that each consumer should bear the construction expenses relating exclusively to his own service than that the gross sum of all such expenses should be ratably assessed against all the consumers through the medium of an increased charge for the service. In one form or another the consumers must foot all the bills and we think it is reasonable, so far as it may be done, to make each pay for what he gets. The stop-box in controversy not only was the property of the consumer, but as between him and the water company, the burden was his to maintain it in repair.

But plaintiff argues: "The position of the respondent is that the water company is liable because as a prerequisite to furnishing water from its supply to the consumer it required the consumer to pay for and construct in the sidewalk such a stop-box with its necessary and inherently dangerous possibilities under the supervision and control of the appellant water company through its licensed plumbers and rules governing all plumbers permitted to work upon connections with the water supply for its own use and retained the stop-box and stop-cock under its control."

In other words, plaintiff, regarding this protruding stop-box as a nuisance in the public street, seeks to charge defendant with liability to the injured pedestrian on the ground that the nuisance was maintained by defendant because the appliance was sold by defendant, installed by one of its licensed plumbers and was there for the use and benefit of defendant in the prosecution of its business. The rule is invoked "that one who is in control of a place or instrumentality and through whose negligence another sustains injury is liable although he is not the owner." [29 Cyc. (2 Ed.), 476.] On the other hand, defendant contends that the control it retained by its rules and

regulations, over the method of making private connections and over the appliances and material to be used, was necessary to the end that uniform service might be given through the medium of uniform construction and that it assumed the performance of no duty either to the consumer or to travelers on the streets.

We think defendant has the better of the argument. Where there is no duty there can be no negligence and we do not perceive wherein defendant failed in the performance of any duty. In prescribing the type of stop-boxes to be used the duty was on defendant to select one that would be reasonably safe for the purposes of its intended use but there is no suggestion in the evidence of any breach of such duty. There is no room for a reasonable inference that a telescoped pipe was an improper device for obviating defects that might be caused by natural forces. If, as we find, the stop-box was properly constructed the duty of defendant was fully performed and, as we have shown, the burden of using reasonable care to prevent the instrument from becoming a nuisance was on its owner—the one for whose particular benefit it was being used. It is immaterial that it was an instrument defendant might use to enforce payment of water bills. It was a necessary part of the private conduit the consumer built in order that he might obtain his water supply from defendant's main. The decisive point in the case is that the consumer under reasonable rules and regulations received the water he used at the street main and not at his property line or in his house.

It follows that plaintiff has no cause of action against the water company.

The judgment is reversed. All concur.