[Civ. No. 4552. First Appellate District, Division Two.—June 6, 1923.]

## CHARLES W. FISHER, Appellant, v. EMERY E. GEORGE et al., Respondents.

[1] JUDGMENTS—FORECLOSURE OF MORTGAGE—VACATION OF DEFAULT—ABSENCE OF FRAUD — RELIANCE UPON PROMISE OF MORTGAGEE — PLEADING—INSUFFICIENT COMPLAINT.—In an action by a mortgagor to set aside a default judgment rendered against him in an action for the foreclosure of the mortgage brought by assignees, who took the assignment of the mortgage for a valuable consideration and without notice that it was executed for the mere purpose of furnishing credit to the mortgagee, the complaint fails to state a cause of action where no fraud is alleged against defendants and the relief is sought on the sole ground that the mortgagee failed to keep his promise with the mortgagor to discharge the mortgage and save the mortgagor harmless.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. B. Mering and J. R. Gilbert for Appellant.

Black & Black for Respondents.

LANGDON, P. J.—This is an appeal by the plaintiff from a judgment against him entered upon an order sustaining a demurrer to the complaint without leave to amend.

The action was brought to set aside a judgment rendered against the appellant upon his default. According to the allegations of the complaint, the plaintiff, Charles W. Fisher, and one W. C. Walker were partners in the real estate business. Fisher had confidence and faith in the integrity of Walker, and on November 10, 1915, plaintiff and Walker entered into a contract for the purchase of certain real estate, and for the purpose of furnishing credit to Walker, plaintiff executed and delivered to him his promissory note for three thousand dollars, secured by a mortgage upon real property owned by plaintiff. This transaction did not relate to the partnership business. On March 31, 1919, Walker assigned said note and mortgage to the defendants herein for a valuable consideration. The assignment was not made for the purpose for which the mortgage was executed, but was for Walker's own benefit, and was made without the consent and against the intention of plaintiff. Thereafter the defendants foreclosed the mortgage, making the present plaintiff a defendant in the foreclosure suit. The present plaintiff was served with summons in said foreclosure suit, and thereupon informed Walker of what had occurred and was assured by Walker that he, Walker, would discharge the mortgage and save the present plaintiff harmless. Said plaintiff, having full confidence in Walker, neglected to appear and defend in the foreclosure suit; Walker failed to discharge the mortgage, and on December 17, 1920, judgment was taken against the present plaintiff, by default, in said foreclosure suit. Plaintiff was first informed of this fact in December, 1921.

Demurrer was interposed upon the ground that the complaint failed to state facts sufficient to constitute a cause of action. The order of the trial court sustaining the demurrer recited that plaintiff had stated in his brief filed with the court that no attempt had been made to charge fraud in the complaint.

[1] No fraud being alleged against the defendants, it is difficult to see how they can be held responsible for the negligence of plaintiff in trusting to Walker after he had betrayed his confidence, and in making no attempt whatever to protect his rights after he had been duly served with summons in the action. As stated in the case of *Amestoy Estate Co.* v. *City of Los Angeles*, 5 Cal. App. 273, 276 [90

Pac. 42, 44] : "There is no suggestion in the complaint that plaintiff was prevented by any act of the defendant from appearing and making a proper defense." It was pointed out in said last cited case that the selection of an attorney upon whose advice plaintiff acted was not induced by any act of the defendant. Also, in the present case, plaintiff's reliance upon his partner was not chargeable in any manner to the defendant.

We think the facts alleged do not show accident, surprise, or excusable neglect such as would justify a court of equity in interfering with a judgment obtained against the present plaintiff after personal service of summons. "There is a marked distinction between the powers of the court in the first instance, wherein discretion is given to the court to relieve a party from a mistake, fraud or from excusable neglect, under section 473, Code of Civil Procedure, and those powers exercised by a court of equity after the lapse of such time when proceedings are instituted by an original bill to vacate the judgment of another court." (*Amestoy Estate Co.* v. *City of Los Angeles, supra.*)

Furthermore, it is fundamental that in order to entitle the plaintiff to the relief he prays, plaintiff must allege facts which demonstrate that he has a good defense to the action on the merits. This has not been done in the present case; on the contrary, plaintiff has stated facts and circumstances which certainly raise a question of estoppel as against an innocent purchaser for value, without notice, who has been guilty of no fraud or misconduct. Assuredly, it cannot be said, as a matter of law, upon the facts stated, that the plaintiff was not guilty of such carelessness of the rights of a possible innocent purchaser as to preclude him from asserting any equities against such a one, and, therefore, the complaint does not allege a good defense on the merits.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 2, 1923, and the following opinion then rendered thereon:

The COURT.—In denying the petition for a hearing by this court, after decision by the district court of appeal, we do not approve what is said in the last paragraph of the opinion of that court.

The judgment of the trial court herein was properly affirmed on the ground that the complaint fails to state facts showing such fraud, mistake, inadvertence, or excusable neglect as to justify the interposition of a court of equity ·for the purpose of setting aside a judgment.

The petition is denied.