**STATE of Missouri ex rel. SPANISH LAKE SERVICE, INC., a corporation, Relator,**

v.

**Drew W. LUTEN, Jr., Judge, Division No. 10, St. Louis County, State of Missouri, Respondent.**

**No. 34937.**

Missouri Court of Appeals, St. Louis District, Division Two.

Sept. 18, 1973.

Robertson, Ely & Wieland, St. Louis, for relator.

Lewis, Rice, Tucker, Allen & Chubb, Dominic Troiani, Michael D. Mulligan, St. Louis, Herman Barken, Asst. County Counselor, Clayton, Harry Wiggins, Gen. Counsel, Public Service Comm. of Mo., Jefferson City, for respondent.

SMITH, Judge.

This is an original proceeding in prohibition in which relator (a public utility supplying sewer service) seeks to prevent respondent from entering an injunction which would forbid relator from terminating sewer service to the Horizon Village Apartment Company because of partial nonpayment for services.

The Missouri Public Service Commission (Commission) granted relator a rate increase for sewer service. Pursuant to Sec. 386.510 [1] the Home Builders Association of St. Louis (of which the plaintiffs in the underlying suit are members) brought an action to review the Commission order in the Circuit Court of Cole County. Under the statute only that Circuit Court had jurisdiction to review the Commission's decision in this case.[2]

1. All statutory references are to R.S.Mo. 1969 (V.A.M.S.).

2. Since the issuance of our preliminary writ, the action of the Commission has been af-

Horizon Village Apartment Company is a limited partnership in which the underlying plaintiffs are general partners and which owns over 200 residential apartments receiving sewer service from relator. The limited partnership has refused to pay the increased rate authorized by the Commission and relator has threatened to cut off service. The general partner-plaintiffs sought injunctive relief to prevent such termination of service until final appellate review of the Commission rate. Upon the trial court's assertion of intent to grant such relief, we issued our preliminary writ.

■■ Respondent does not contest the right of a public utility to terminate services upon non-payment for those services.[3] Instead he bases his proposed action upon the exception to that right set forth in Whisett v. City of St. Clair, 80 S.W.2d 696 (Mo.App.1935).

The basic rule and exception were stated as follows:

"While a public service water company has the right to cut off a consumer's water supply for nonpayment of recent and just bills for water rents, and may refuse to engage to furnish further supply until said bills are paid, the right cannot be exercised so as to coerce the consumer into paying a bill which is unjust or which the consumer in good faith and with show of reason disputes, either as to liability or amount. . . ." (1. c. 700)

We do not believe Whitsett is applicable to the facts here. Whitsett involved a situation where the consumer contended that his water meter was broken and was erroneously recording more than his actual usage. There was substantial evidence to support that contention. Other cases recognizing the Whitsett exception cited by respondent, also involve situations where

the consumer raised a bona fide factual question concerning the amount of his usage to which a concededly valid and reasonable rate was being applied. That is not the case here. The injunction plaintiffs seek relief not because of factual questions of their usage or of their factual liability for the charges but because they contest the reasonableness of the rate established by the Commission. Respondent has cited no authority holding that an individual consumer's disapproval of a rate is the type of dispute covered by the exception in Whitsett nor have we found any. Nor has respondent cited authority that relief may be granted in a *collateral* proceeding permitting an individual consumer to refuse to pay an approved rate pending final appellate review of that rate. Again we have found no such authority.

The creation and organization, powers and duties, and procedure of the Public Service Commission is governed by Chapter 386. Review of administrative findings is guaranteed by the Missouri Constitution in Article V, Section 2. The method for such review, including the courts which have jurisdiction to review particular proceedings, is left to the legislature. Warnecke v. State Tax Commission, 340 S.W. 2d 615 (Mo.1960). That legislative power has been exercised as to Commission action in Chapter 386.

■ Sec. 386.510 provides that review of a Commission order or decision shall be only in the circuit court "of the county where the hearing was held or in which *the commission has its principal office.* . . ." In this case that circuit is the one for Cole County, and the writ for review was brought there. Section 386.520 provides that the pending of the writ of review does not of itself "stay or suspend the operation of the order or decision of the commission, but during the pendency of

firmed by the Circuit Court of Cole County and the matter is now pending on appeal in the Kansas City District of the Court of Appeals.

3. See McDaniel v. The Springfield Waterworks Company, 48 Mo.App. 273 (1892) (l.c. 280); Mulrooney v. Obear, 171 Mo. 613, 71 S.W. 1019 (Mo.1903).

such writ, the circuit court in its discretion may stay or suspend, in whole or in part, the operation of the commission's order or decision." The legislative choice of "the circuit court" rather than "a circuit court" makes it clear that the stay power exists only in the court in which the writ is pending.

Sec. 386.510 provides that "No court in this state, except circuit courts to the extent herein specified . . . . shall have jurisdiction to review, reverse, correct or annul *any* order or decision of the commission or to *suspend* or *delay* the executing or *operation* thereof, or, to enjoin, restrain or interfere with the commission in the performance of its official duties." (Emphasis supplied).

Respondent contends that since his proposed injunction does not restrain the commission directly this section does not deprive him of jurisdiction. But the suspension and delay phrase does not refer to the Commission as does the interference phrase. An order restraining a public utility from charging a Commission approved rate or from terminating service for failure to pay a Commission approved rate is a suspension or delay of the operation of that rate. The jurisdiction to suspend or delay is vested only in the circuit court in which the writ is pending.

Additionally, the rate fixed by the Commission comes before the respondent as a lawful, reasonable rate by express provision of Sec. 386.270 which declares it to be prima facie so. Respondent's proposed action in this collateral action is to enjoin relator from refusing to supply a consumer with service when that consumer refuses to pay a lawful, reasonable, Commission approved rate for the service rendered. By express statutory provision and under the general common law rules respondent lacks the jurisdiction to so restrain relator. Only the Commission, the circuit court, or the appellate court on appeal has the jurisdiction to stay the operation of the rate. Secs. 386.500, 386.510.

The preliminary writ of prohibition is made permanent.

SIMEONE and KELLY, JJ., concur.

GUNN J., not participating.