[No. 15494.    Department One.—October 4, 1894.]

## MARY W. FEALEY, RESPONDENT, v. MARGARET FEALEY, APPELLANT.

PROBATE HOMESTEAD—FRAUD—FALSE TESTIMONY—ACTION TO ANNUL HOMESTEAD—INSUFFICIENT COMPLAINT.—A complaint in an action to annul an order setting apart a homestead to the widow of a deceased person out of his estate, which alleges that the property set apart was the separate property of the deceased, and that the widow, defendant in the action, knowing that fact, and for the purpose of deceiving the court, falsely alleged and falsely swore that the property was community property, whereby the court was misled and deceived, and induced to make the order, does not state facts sufficient to constitute a cause of action.

ID.—RES ADJUDICATA.—The question sought to be litigated in the action to annul the homestead was necessarily involved in the proceedings to set apart the homestead, and the order or judgment of the court was a conclusive determination of the truth of the allegation of the petition and of the testimony in support of it; and the plaintiff having had notice of the pendency of the proceeding, and no fraud being practiced upon the plaintiff to prevent an appearance and contest of the allega- tion and testimony of the widow, the judgment is conclusive upon the plaintiff.

ID.—FRAUD NOT EXTRINSIC TO MERITS.—A court of equity will only set aside or annul a judgment for fraud where the fraud is extrinsic or col- lateral to the matter tried by the first court, and will not grant relief for fraud involved in the merits of the action, or in any matter upon which the decree was rendered.

ID.—EFFECT OF ORDER SETTING APART HOMESTEAD—JUDGMENT IN REM.— An order setting apart a homestead to the widow of a decedent, no homestead having been declared during the lifetime of the deceased. operates to vest in the widow a title to the land set apart out of the community property, and such order is in the nature of a judgment *in rem,* which is conclusive upon all persons interested in the estate, if the court has jurisdiction to pronounce it, and can only be successfully attacked in equity upon the same grounds upon which a judgment *in personam* may be annulled.

ID. — ADJUDICATION RESPECTING COMMUNITY PROPERTY. — The question whether the land set apart to the widow as a homestead was or was not community property, being put in issue in the homestead proceed- ing, is concluded by the judgment.

ID.—INCOMPETENT PERSON—KNOWLEDGE OF GENERAL GUARDIAN.—Al- though one of the heirs of a deceased person who is plaintiff in an action to annul the order setting apart the homestead was an incompe- tent person when the order sought to be annulled was made, yet if it appears that the general guardian of the plaintiff had knowledge of the proceeding, the law devolves upon such guardian the duty of protecting the rights of the plaintiff in that proceeding, and the plaintiff is con- cluded by the judgment.

APPEAL from a judgment of the Superior Court of Napa County.

The facts are stated in the opinion of the court.

*Gesford & Thompson,* for Appellant.

The court had jurisdiction in this case, and here the court found the property to be community property, which is conclusive of its *status.* (*Kearney* v. *Kearney,* 72 Cal. 591; *Griffith's Estate,* 84 Cal. 113.) By the force of the order setting aside the homestead the title thereto is as against the plaintiff in the defendant. (Code Civ.

Proc., sec. 1908; *Jackson* v. *Lodge*, 36 Cal. 28; *Estate of Moore*, 96 Cal. 522.) Plaintiff's complaint does not allege or even suggest that any fraud or device was resorted to by defendant, or that defendant by any act prevented plaintiff from making proofs relative to the character of the property set aside as a homestead; on the contrary, it affirmatively appears that no such fraud or device was resorted to by defendant. The fact that defendant willfully or otherwise testified falsely as to the character of said property is not such fraud as a court of equity will relieve against. (*United States* v. *Throckmorton*, 98 U. S. 61; *Gruwell* v. *Seybolt*, 82 Cal. 8; *Pico* v. *Cohn*, 91 Cal. 129; 25 Am. St. Rep. 159.)

*A. J. Hull*, for Respondent.

The lower court had no power or jurisdiction to set apart as a homestead to defendant separate property of deceased, while there was community property belonging to the estate out of which a homestead could have been selected. (Code Civ. Proc., secs. 1465, 1468; *Lord* v. *Lord*, 65 Cal. 84.) Neither did the court have jurisdiction to set aside to the defendant, as a homestead, the separate property of deceased, absolutely; it only had jurisdiction to set it aside for a limited period, which must be designated in the order. (*In re Noah's Estate*, 73 Cal. 583; 2 Am. St. Rep. 829; *Gruwell* v. *Seybolt*, 82 Cal. 7; *In re Lahiff*, 86 Cal. 153; *In re Schmidt's Estate*, 94 Cal. 334.) The complaint in this case charges the concealment and suppression of material facts by the defendant, of false and perjured testimony given by her in the procurement of the order setting apart to her the premises as a homestead, with the intent to deceive and mislead the court, to the prejudice of the plaintiff, and that such concealment, suppression, false and perjured testimony had the intended effect to the injury of plaintiff. This certainly constituted fraud as defined by the Civil Code, and in the following authorities: Pomeroy's Equity Jurisprudence, secs. 901, 919, 1364; *Estate of Hudson*, 63 Cal. 454; *Dean* v. *Superior Court*,

63 Cal. 474. Courts of equity have jurisdiction to vacate and set aside judgments obtained by the use of that fraud and deceit which imposes upon the jurisdiction of the court. (*Carpentier* v. *Hart*, 5 Cal. 406; *Estate of Hudson*, 63 Cal. 454; *Dean* v. *Superior Court*, 63 Cal. 473; *Bergin* v. *Haight*, 99 Cal. 52; *Johnson* v. *Waters*, 111 U. S. 640; *Griffith* v. *Godey*, 113 U. S. 93; *Haven* v. *Haws*, 63 Cal. 452; Story's Equity Jurisprudence, secs. 1570, 1573; Pomeroy's Equity Jurisprudence, secs. 916, 919; Pomeroy's Remedies and Remedial Rights, sec. 267; *Pico* v. *Cohn*, 91 Cal. 133; 25 Am. St. Rep. 159; *Wickersham* v. *Comerford*, 96 Cal. 433.)

DE HAVEN, J.—The defendant is the widow of William Fealey, deceased, and this action is brought for the purpose of annulling an order of the superior court of Napa county setting apart to her a homestead out of the estate of said deceased. The complaint alleges that the property so set apart was the separate property of the deceased, and that the defendant here, with knowledge of this fact and for the purpose of deceiving the court in which the administration proceedings were pending, filed a petition in which she falsely alleged that such property was community property, and asked that the same be set apart to her absolutely as a homestead; and that upon the hearing of the application she was a witness, and testified that the statement in her petition in relation to the character or title of such property was true. The complaint further alleges that this testimony was willfully false, and was given by the defendant for the purpose of deceiving the court; and that by reason thereof the court was in fact misled and deceived, and induced to make the order granting the prayer of defendant's petition, and to set apart to her the land therein described as a homestead for her sole use and benefit. The order is set out in the complaint, and it appears from its recitals that the court found "from the papers on file in the said matter and other evidence

introduced" that the property so set apart was community property.

The complaint also shows that the deceased died intestate, and that the plaintiff, who is his mother, and the defendant are his only heirs at law; and it is further shown that prior to the making of the order sought to be annulled the plaintiff was adjudged an incompetent person, and a general guardian—the same person who brings the present action in her behalf—had been appointed to manage her estate. The complaint alleges that this guardian had actual notice of the proceeding upon the part of the defendant to obtain the order setting apart the homestead, and that he consulted certain lawyers in relation to the rights of plaintiff, and upon the facts which he laid before them was by them advised that the defendant was entitled to the order asked for in her petition, and that it would subject the plaintiff to useless expense to contest the right of defendant to have the land therein described set apart to her absolutely; but in this connection the complaint alleges that said guardian did not learn the true facts concerning the title to such land until after the entry of the order here assailed. The complaint also contains an averment that there was community property belonging to the estate of the deceased Fealey out of which a homestead could have been set apart, and that the existence of this property was fraudulently concealed by the defendant. This latter averment adds no strength to the complaint, and need not be further considered by us.

The defendant interposed a general demurrer to the complaint, which was overruled by the court, and, the defendant declining to answer, judgment was rendered in favor of the plaintiff, and in accordance with the prayer of the complaint. This ruling of the court presents the only question arising upon this appeal.

The demurrer to the complaint ought to have been sustained. The fraud which is set forth as the basis of the plaintiff's cause of action relates to the alleged

falsity of defendant's statement made in her petition
for the order setting aside the homestead, and again
repeated in her testimony upon the hearing of such
petition, concerning the nature of the title to the
land set apart to her as a homestead; but the ques-
tion of title thus presented and sought to be liti-
gated in this action was necessarily involved in
the proceeding to set apart the homestead, and the
order or judgment of the court therein was a deter-
mination that the allegation of defendant's petition in
regard to the nature of the title to the land so set apart
was true, and that her testimony relating to the same
matter given upon the trial of that proceeding was also
true. The plaintiff had notice of the pendency of that
proceeding, and no fraud was practiced upon her by
which she was prevented from appearing therein and
contesting the allegation of defendant's petition, or
showing that the testimony given by her was unworthy
of credit. Under these circumstances that judgment is
conclusive upon the plaintiff, and she cannot be per-
mitted to bring into litigation the same matters therein
involved and settled by that judgment. The case made
by the complaint here falls exactly within the rule
declared in *United States* v. *Throckmorton*, 98 U. S. 61;
*Griffith's Estate*, 84 Cal., 113; and *Pico* v. *Cohn*, 91 Cal.
129; 25 Am. St. Rep. 159.

In the first of these cases it was said by Mr. Justice
Miller, in delivering the opinion of the court, that "the
acts for which a court of equity will on account of fraud
set aside or annul a judgment between the same parties,
rendered by a court of competent jurisdiction, have
relation to fraud extrinsic or collateral to the matter
tried by the first court, and not to a fraud in a matter
upon which the decree was rendered." And in *Pico* v.
*Cohn*, 91 Cal. 129, 25 Am. St. Rep. 159, the question
was very carefully considered, and this court announced
the same rule, saying: "The reason of this rule is that
there must be an end to litigation, and when parties
have once submitted a matter, or have had an oppor-

tunity of submitting it for investigation and determination, and when they have exhausted every means of reviewing such determination in the same proceeding, it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy. . . . . Endless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice; and so the rule is that a final judgment cannot be annulled merely because it can be shown to have been based on perjured testimony; for if this could be done once it could be done again and again, *ad infinitum.*"

These cases are, we think, conclusive of the one now before us. So far as concerns the question here presented, there is no difference in principle in the nature of the judgments under review in the above-cited cases and the order here sought to be annulled. The order setting apart the homestead to defendant (no homestead having been declared during the lifetime of the deceased) operated to vest in the defendant a title to the land so set apart (*Estate of Boland,* 43 Cal. 640; *Estate of Moore,* 96 Cal. 522); and such order was in the nature of a judgment *in rem* (*Kearney* v. *Kearney,* 72 Cal. 591); and the court, having jurisdiction to pronounce it, it is conclusive upon plaintiff and all persons interested in the estate, and can only be successfully attacked in equity upon the same grounds upon which a judgment *in personam* may be annulled.

The conclusion we have reached in this case is not at all in conflict with *Wickersham* v. *Comerford,* 96 Cal. 433. The action in that case was brought by a creditor of the deceased to annul the order of the probate court setting apart a homestead to the widow of the deceased, the complaint alleging in substance that prior to the death of deceased he and his wife entered into a written agreement for a separation and division of the community property, and that such agreement was com-

pletely performed, and that deceased and his wife were
at the time of his death living separate and apart, in
accordance with the terms of said agreement. Under
this state of facts the widow was not entitled to a home-
stead out of the estate of her deceased husband. (*Estate
of Noah*, 73 Cal. 583; 2 Am. St. Rep. 829.) But the
complaint in that action further alleged that in the peti-
tion which the widow filed, asking the court to set apart
such homestead for her use, she " willfully suppressed
and concealed from the court " the fact of the existence
of the agreement made between herself and husband
for a separation, and that she and the deceased were not
living together as husband and wife at the time of his
death, and that such concealment was made for the pur-
pose of deceiving the court. It was held in that case that
this omission being willful and relating as it did to a ma-
terial fact which ought to have been brought to the atten-
tion of the court and submitted to its judgment, was such a
fraudulent concealment as would justify a court of equity
in annulling the order setting apart the homestead; but
it is clear that the fraud which was made the basis of
the action and judgment in that case was extrinsic to
the judgment or order annulled. In the original pro-
ceeding for a homestead under review in that case the
court did not even indirectly pass upon the question of
the existence or nonexistence of the agreement for sep-
aration, and that matter not being before the court, was
not concluded by the judgment or order in that proceed-
ing; but, as we have seen, the direct question sought to
be litigated here, viz., whether the land set apart to
defendant as a homestead was or was not community
property, was put in issue in the homestead proceeding,
resulting in the order here assailed; and the court, upon
the evidence submitted to it at the time of making that
order, found the fact adversely to the plaintiff's present
contention, and this marks the important distinction
between the present and the case of *Wickersham* v.
*Comerford*, 96 Cal. 433.

Nor can the case of *Bergin* v. *Haight*, 99 Cal. 52, be

regarded as an authority sustaining the complaint in this action. There the court expressly held that there was "nothing upon the face of the proceedings to indicate a fraudulent collusion between the administrator and his attorney," and that "there was no opportunity to determine any issue of fraud in the probate court." This being so, it was necessarily held that the fraud alleged and found in that action was extrinsic and collateral to the questions determined by the probate court when it confirmed the sale of the land in controversy there.

The case of *Dunlap* v. *Steere*, 92 Cal. 344, 27 Am. St. Rep. 143, comes nearer supporting the contention of plaintiff, and yet does not do so. In that case the plaintiff was only constructively served with summons, and had no actual notice of the pendency of the action in which the judgment there annulled was given, and, referring to the rule above quoted from *United States* v. *Throckmorton*, 98 U. S. 61, to the effect that a judgment will not be set aside for false testimony given in relation to a matter upon which the judgment was rendered, it was held that such rule was only applicable "where the former judgment was the result of a trial between the parties, or where the one against whom the judgment was rendered had actual notice of the pendency of the action, and neglected to submit his proofs." It is alleged in the complaint here that the plaintiff was an incompetent person when the order sought to be annulled was made, and so it may be said that in one sense she had no personal knowledge of its pendency or comprehension of the matters involved in that proceeding; but it also appears from the complaint that her general guardian did have such knowledge, and, as the law devolved upon him the duty of protecting her rights in that proceeding, the case is not within the reason of the rule declared in *Dunlap* v. *Steere*, 92 Cal. 344; 27 Am. St. Rep. 143. The plaintiff did have all the notice which it was possible for her to have, and had the full benefit of all the safeguards which the law deemed nec-

essary for her protection in that proceeding, or which the law deems necessary for the protection of any incompetent person from unjust or fraudulent judgments.

Judgment reversed, with directions to the superior court to sustain the demurrer to the complaint.

HARRISON, J., and VAN FLEET, J., concurred.