[S. F. No. 446.   Department Two.—November 6, 1896.]

JOHN HANLEY ET AL., APPELLANTS, v. ELLEN HANLEY, RESPONDENT.

ESTATES OF DECEASED PERSONS—DECREE SETTING APART HOMESTEAD—ACTION TO VACATE DECREE FOR FRAUD—MISREPRESENTATION AS TO CHARACTER OF PROPERTY.—An action will not lie to vacate a decree setting apart a homestead to the widow for alleged fraud, consisting of willful and false representations made to the court in testimony that the premises were community property, and that a declaration of homestead had been filed on the premises while the widow and her husband were living thereon.

ID. — FRAUD MUST BE EXTRINSIC OR COLLATERAL TO MERITS. — A judgment or decree of a court of competent jurisdiction can be set aside in

an independent equitable proceeding for fraud, only where the fraud alleged was extrinsic or collateral to the matter tried and determined by the court.

ID.—PROCEEDING IN REM—NOTICE.—A proceeding to set apart a homestead to the widow of a deceased person, is a proceeding *in rem*, and all persons interested in it are bound by it without personal notice.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. P. COFFEY, Judge.

The facts are stated in the opinion of the court.

*Sullivan & Sullivan*, for Appellants.

The jurisdiction and power of equity to afford relief against judgments, orders, or decrees of any kind obtained by fraud, under circumstances analogous to those presented in the case at bar, is well established and abundantly illustrated by the authorities in this state and elsewhere.   (Pomeroy's Equity Jurisprudence, sec. 919; Kerr on Frauds, Am. ed., 283; *Carpentier v. Hart*, 5 Cal. 407; *Sanford v. Head*, 5 Cal. 298; *Bibend v. Kreutz*, 20 Cal. 114; *Baker v. O'Riordan*, 65 Cal. 368; *People v. Lafarge*, 3 Cal. 130; *Lapham v. Campbell*, 61 Cal. 296; *California Beet Sugar Co. v. Porter*, 68 Cal. 369; Freeman on Judgments, sec. 495; *Estate of Hudson*, 63 Cal. 454; *Tobelman v. Hildebrandt*, 72 Cal. 316; *Dougherty v. Bartlett*, 100 Cal. 496; *Wickersham v. Comerford*, 96 Cal. 433; *Dunlap v. Steere*, 92 Cal. 344; 27 Am. St. Rep. 643.) No one can be deprived of his property rights without having his day in court and the opportunity to be heard; and to hold him barred and estopped by a proceeding to which he is no party, and of which he has had no notice, is effectually to thus deprive him of his property.   (*Windsor v. McVeigh*, 93 U. S. 274; *Smith v. Woolfolk*, 115 U. S. 143.)

*Joseph S. Tobin*, and *Andrew G. Maguire*, for Respondent.

The decrees and orders of a probate or surrogate's court, made in the exercise of jurisdiction conferred upon

it by law, are as final and conclusive as the judgment, decrees, or orders of any other court, and cannot be collaterally attacked. (Freeman on Judgments, sec. 319 a, and cases cited.) The complaint does not, therefore, state a cause of action. (*United States* v. *Throckmorton*, 98 U. S. 61; *Gruwell* v. *Seybolt*, 82 Cal. 8; *Pico* v. *Cohn*, 91 Cal. 129; 25 Am. St. Rep. 159; *Fealey* v. *Fealey*, 104 Cal. 354; 43 Am. St. Rep. 111.) The cases in which a court of equity is authorized to interfere and set aside a former judgment on the ground of fraud, are those only where the fraud was extrinsic or collateral to the matter tried. (*Langdon* v. *Blackburn*, 109 Cal. 26, and cases cited; *Pico* v. *Cohn*, *supra*.) Plaintiff's remedy was by appeal from the order setting apart the homestead. (*Estate of Burns*, 54 Cal. 223; *Gruwell* v. *Seybolt*, 82 Cal. 10; Code Civ. Proc., secs. 939, 963, 1714, 1715; *Estate of Moore*, 96 Cal. 523.) Plaintiffs were parties to the probate proceedings in which the homestead property was set apart to the widow; the proceeding was an action *in rem*, in which they had the notice required by law; the court had acquired jurisdiction to set apart the homestead, and, having made such order, the plaintiffs have now no right to ask for the annulment or setting aside of the same by collateral proceeding, having waived their only remedy of appeal from the order. (*Estate of Burns*, *supra*; *Kearney* v. *Kearney*, 72 Cal. 592; *Gruwell* v. *Seybolt*, *supra*; *In re Maxwell*, 74 Cal. 384; *Phelan* v. *Smith*, 100 Cal. 170; *Dougherty* v. *Bartlett*, 100 Cal. 496.)

McFARLAND, J.—This is an equitable action brought by the plaintiffs, as heirs of one Patrick Hanley, deceased, to vacate and set aside a certain decree of the superior court rendered in the administration of the estate of said Patrick Hanley, by which certain real property was set aside to the defendant Ellen Hanley, the widow of said deceased, as a homestead. A demurrer to the complaint was sustained by the court below, and judgment was rendered for the defendant; and from such judgment plaintiffs appealed.

The complaint does not state facts sufficient to constitute a cause of action, and the demurrer was properly sustained. The main averments of the complaint are, that the premises in dispute were the separate property of said Patrick Hanley, deceased; and that said respondent, Ellen Hanley, willfully, falsely, and fraudulently represented to the court, and testified, that the said premises was community property, and also falsely represented that a certain declaration of homestead had been filed on said premises while she and her husband were actually residing thereon. The decree of the superior court setting apart said homestead was final, unless reversed on appeal; and it cannot be attacked collaterally in an independent action upon the grounds set up in the complaint. A judgment or decree of a court of competent jurisdiction can be set aside in an independent equitable proceeding for fraud, only where the fraud alleged was extrinsic or collateral to the matter which was tried and determined by such court; and such is not the character of the fraud alleged in the complaint in this action. In *United States* v. *Throckmorton,* 98 U. S. 61, the court declared that the cases in which a court of equity is authorized to interfere and set aside a former judgment on the ground of fraud, are those only where the fraud was extrinsic or collateral to the matter tried. This rule has been declared and followed in a large number of cases decided by this court. (*Pico* v. *Cohn,* 91 Cal. 129; 25 Am. St. Rep. 159; *Langdon* v. *Blackburn,* 109 Cal. 26; *Gruwell* v. *Seybolt,* 82 Cal. 10; *Estate of Moore,* 96 Cal. 523; *Griffith's Estate,* 84 Cal. 113, 114; *Fealey* v. *Fealey,* 104 Cal. 355; 43 Am. St. Rep. 111.) In *Pico* v. *Cohn, supra,* this court said: " That a former judgment or decree may be set aside and annulled for some frauds there can be no question; but it must be a fraud extrinsic or collateral to the question examined and determined in the action. And we think it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. . . . . What, then, is

an extrinsic or collateral fraud, within the meaning of this rule? Among the instances given in the books are these: Keeping the unsuccessful party away from the court by a false promise of a compromise, or purposely keeping him in ignorance of the suit; or where an attorney fraudulently pretends to help a party, and connives at his defeat; or, being regularly employed, corruptly sells out his client's interest." That was a case appealing very strongly to equitable considerations, for there it clearly appeared that perjury had been committed in a case where the judgment was rendered which was sought to be set aside; nevertheless, the rule of the conclusiveness of the former judgment was applied. A number of the cases above cited were almost exactly like the one here at bar; that is, they were cases in which it was sought to set aside a decree setting apart a homestead. This was particularly the case in *Gruwell* v. *Seybolt, supra,* and *Fealey* v. *Fealey, supra.* The latter case can hardly be distinguished in any way from the case at bar. The same principle was announced in the very late case of *Lynch* v. *Rooney*, 44 Pac. Rep. 565. There is nothing in the contention of appellants that they had no notice of the proceeding to set aside the homestead; the proceeding was *in rem*, and all parties interested were bound by it without without personal notice. (See *Kearney* v. *Kearney*, 72 Cal. 591, and cases there cited.) The appellants rely somewhat upon the case of *Wickersham* v. *Comerford*, 96 Cal. 433; but that case was commented upon and distinguished from cases coming within the general rule above cited by the opinion of the court in *Fealey* v. *Fealey, supra*, in which it was held that the concealment perpetrated in *Wickersham* v. *Comerford, supra*, constituted a fraud which was extrinsic and collateral. The case at bar comes clearly and fully within the rule declared in the cases above cited.

The judgment appealed from is affirmed.

HENSHAW, J., and TEMPLE, J., concurred.