[L. A. No. 6702. In Bank.—July 28, 1921.]

MARCY K. EISENMAYER, Appellant, v. W. K. THOMPSON, Respondent.

[1] ESTATES OF DECEASED PERSONS — ORDER ASSIGNING ESTATE TO WIDOW—COLLATERAL ATTACK.—An order assigning the whole of the estate of a deceased person to the widow in conformity with section 1469 of the Code of Civil Procedure, which order on its face vests absolute title in her, is not open to collateral attack, but can only be questioned by a direct attack for fraud, extrinsic or collateral, to the issues tried.

[2] ID.—FRAUD—MISREPRESENTATION OF VALUE OF PROPERTY—QUIETING TITLE—PLEADING—INSUFFICIENT ALLEGATION.—In an action by a widow to quiet title to property assigned to her under section 1469 of the Code of Civil Procedure against a creditor of the estate

of her deceased husband, an averment in the answer that the plaintiff fraudulently and with intent to deceive the court falsely represented the value of the property, is not a sufficient allegation of fraud to open the judgment to collateral attack, or to admit testimony disputing the finding of the probate court as to the value of the property.

[3] JUDGMENT—ANNULMENT FOR FRAUD—PLEADING.—A court of equity will only set aside or annul a judgment for fraud where the fraud is extrinsic or collateral to the matter tried by the court, and will not grant relief for fraud involved in the merits of the action or in any matter on which the decree was rendered, and a pleading based upon such intrinsic matter does not state a cause of action or defense.

[4] ID.—SEPARATE PROPERTY OF HUSBAND—DECLARATION OF HOMESTEAD—ASSIGNMENT TO WIDOW.—The right of a wife to have the separate property of her husband assigned to her under section 1469 of the Code of Civil Procedure is neither added to nor subtracted from by reason of the fact that she alone in her husband's lifetime declared a homestead on the property.

APPEAL from a judgment of the Superior Court of Los Angeles County. Gavin W. Craig, Judge. Reversed.

The facts are stated in the opinion of the court.

Sidney J. Parsons for Appellant.

Porter & Sutton for Respondent.

SLOANE, J.—The plaintiff, claiming under a decree of the probate court assigning to her the property in question under the provisions of section 1469 of the Code of Civil Procedure, brings this action to quiet her title against the defendant adversely claiming as a creditor of the estate of plaintiff's deceased husband.

It is conceded that decedent, George F. Eisenmayer, plaintiff's husband, died seised of title in fee to lot 13, block 15, of Montecito Park, in the county of Los Angeles, with the dwelling-house thereon occupied by himself and wife as the family residence.

The defendant, W. K. Thompson, pending the administration of said estate, in an action against the administratrix, obtained a judgment against the estate payable in due course of administration for upward of fifty thousand dollars.

Thereafter, in due course of the administration of the estate, an inventory and appraisement was returned and filed showing the entire estate to consist of $193 in money and this real property, appraised at $2,800, making a total of $2,993. This valuation was subject to a mortgage of $1,900 on the real property, reducing the net value of the estate on the basis of the appraisement to less than $1,500, to wit, $890.

Proceedings were thereupon had in which these facts were set out by petition and this property was assigned to the widow, the plaintiff in this action, in conformity with the provisions of section 1469, *supra*.

The only pretense of any irregularity in the proceedings on the face of the record is that in the notice of the hearing of the application the blanks for the date on which the order to show cause thereon referred to was made were not filled out, and the order to show cause, which was dated August 2, 1919, was marked filed August 1st. These, of course, are inconsequential errors on a collateral attack.

The order of assignment itself recites the filing of the petition, order to show cause, notice of hearing, and the finding of the court that the net value of the whole estate does not exceed the sum of one thousand five hundred dollars, and that all expenses of last illness, funeral charges, and expenses of administration have been paid, and it is thereupon ordered, adjudged, and decreed that the whole of said estate "be and the same is hereby assigned to and the title thereof shall vest absolutely in Marcy K. Eisenmayer, widow of said deceased," subject to mortgages, liens, or encumbrances existing at time of death of decedent. This judgment became final without any attempt to review it by either motion or appeal.

The ground of attack, which respondent presents with apparent seriousness, is, under the allegation of his answer, that notwithstanding the finding and judgment of the court that the value of this estate was less than one thousand five hundred dollars, it was in reality of greater value, and that the land in controversy was reasonably worth the sum of four thousand five hundred dollars at the time the order of the court was made, or two thousand six hundred dollars after deducting the mortgage, and that plaintiff "fraudu-

lently and with intent to deceive said superior court falsely misrepresented the value of said real property.''

On the trial the defendant was permitted, over the objection of plaintiff, to introduce evidence disputing the order and decree of the probate court as to value. The plaintiff was placed on the stand and admitted that she had placed an estimated value of four thousand five hundred dollars on the property in a declaration of homestead filed by her on the premises more than a year prior to the decree in the probate proceedings, and that in her petition for letters of administration it was recited that the value of the estate ''did not exceed five thousand dollars.'' Two other witnesses testified, over the objections of plaintiff, that in their opinion the market value of the real property was four thousand five hundred dollars or five thousand dollars at the time of the probate assignment.

On this evidence the trial court found that the plaintiff was not, and never had been, the owner of this real property; that the net value of the estate of the decedent on the sixth day of October, 1919, at the time of the order, was over the sum of one thousand five hundred dollars, to wit, of the value of two thousand five hundred dollars, and gave judgment for the defendant. This judgment was unauthorized by either the pleadings or the evidence.

[1] Under section 1469 of the Code of Civil Procedure the order of the probate court on its face vested absolute title to this property in the plaintiff. This judgment became final and conclusive and not open to collateral attack. (*Dennis* v. *Winter,* 63 Cal. 16, 18; *Dungan* v. *Superior Court,* 149 Cal. 98, [117 Am. St. Rep. 119, 84 Pac. 767]; *Luscomb* v. *Fintzelberg,* 162 Cal. 433, [123 Pac. 247].)

The conclusiveness of this order could only be questioned by a direct attack for fraud, extrinsic or collateral, to the issues tried. It could not be collaterally attacked merely for false testimony on the hearing as to its value.

[2] Fraud, if it could be raised at all by answer, must, at least, be pleaded with the particularity required in an equitable action to vacate the order. The only averment in the answer sounding in fraud was the allegation that ''the plaintiff fraudulently and with intent to deceive said superior court, falsely misrepresented the value of said real property, to wit, represented that the value of such real

property, after deducting the balance of one thousand nine hundred dollars due on the trust deed for $2,250 against said real property, was of the value of only $890, whereas in truth and in fact said property was of the value of four thousand five hundred dollars and said estate, after deducting the balance due on said trust deed as aforesaid, was of a value in excess of two thousand five hundred dollars."

This was not a sufficient allegation of fraud to open the judgment to collateral attack or to admit testimony disputing the finding of the probate court as to the value of the property.

[3] A court of equity will only set aside or annul a judgment for fraud where the fraud is extrinsic or collateral to the matter tried by the court, and will not grant relief for fraud involved in the merits of the action or in any matter on which the decree was rendered, and a pleading based upon such intrinsic matter does not state a cause of action or a defense. (*Fealey* v. *Fealey,* 104 Cal. 354, [43 Am. St. Rep. 111, 38 Pac. 49]; *Hanley* v. *Hanley,* 114 Cal. 690, [46 Pac. 736]; *Bancroft* v. *Bancroft,* 178 Cal. 359, [L. R. A. 1918F, 1029, 173 Pac. 579].)

Even on an appeal by a creditor from an order under section 1469 of the Code of Civil Procedure, claiming the value of the property to be greatly in excess of that stated, this court has said: "Admitting that the court below could, if it had been imposed upon by a false inventory and appraisement or by false testimony on the hearing, have set aside the decree, we see no ground for setting aside the ruling. . . . The statute has confided to the appraisers in the first instance, and to the court in the second instance, the duty of ascertaining and fixing the value and the reasonable and proper exercise of this judgment cannot be interfered with." (*Estate of Palomares,* 63 Cal. 402.)

The court in this action makes no finding that there was any fraud or bad faith, and the evidence admitted at the trial would not justify such a finding.

It does not appear that the plaintiff here testified on the probate hearing, and her petition to have the property set apart to her, in which she alleges the value of the estate to be less than one thousand five hundred dollars, recites and is predicated upon the appraisement fixing the value of the entire estate at $2,993 before deducting the one thousand nine

hundred dollar mortgage lien. It does not appear that she did not in good faith accept such appraisement as the fair valuation of the property. Her estimate of four thousand five hundred dollars as the value of the real estate in her homestead declaration a year previously does not reflect upon the correctness or good faith of her verified petition in the probate proceedings, in view of the fact that the homestead law permitted a declaration on property to the value of five thousand dollars, and only requires an estimated value to be placed in the declaration. Her only other reference to the valuation of this property was the statement in the petition for letters of administration that the property of the estate "did not exceed five thousand dollars in value."

In view of the fact that three disinterested appraisers and the probate court fixed the value at less than one thousand five hundred dollars, the mere circumstance that witnesses at the trial of the present action had a different opinion, and fixed the value at four thousand five hundred dollars, cannot be taken to show fraud on the part of this plaintiff, or to destroy her right in equity to have her title quieted.

[4] The declaration of homestead was introduced on this trial apparently as a muniment of title in plaintiff's behalf. The property was the separate estate of decedent and the declaration of homestead was by the wife alone. It neither added to nor subtracted from her right to have the entire estate assigned to her under section 1469 of the Code of Civil Procedure. (*Estate of Neff*, 139 Cal. 71, [72 Pac. 632].)

The judgment is reversed.

Shaw, J., Shurtleff, J., Lennon, J., Lawlor, J., and Angellotti, C. J., concurred.