[Civ. No. 4303. First Appellate District, Division Two.—October
11, 1922.]

## LAWRENCE KRIEG et al., Appellants, v. MARIA CRAWFORD et al., Respondents.

[1] PARTITION—PROBATE HOMESTEAD—SUIT AGAINST OWNERS OF FEE.
Where property is set aside as a probate homestead in favor of
the widow and a minor son of the decedent, and the remainder
after the life estate is vested in said son and certain other per-
sons, said widow and minor son cannot maintain a suit in parti-
tion against such other persons, notwithstanding the widow has
ceased to reside upon the property, but rents the same to others,
and said son has reached his majority.

[2] ID.—PLEADING — INSUFFICIENT COMPLAINT — WAIVER — APPEAL.—
Where such facts, showing that the plaintiffs are neither joint
tenants nor tenants in common with the defendants, appear upon
the face of the complaint, a cause of action is not stated, and
such objection is not waived by failure to make it in the trial
court, but may be taken advantage of for the first time upon
appeal.

[3] ESTATES OF DECEASED PERSONS—PROBATE HOMESTEAD—LOSS BY
NONOCCUPANCY.—A widow, to whom there has been set apart by
decree of the superior court a homestead for life out of the

---

1. Partition of the homestead, notes, 56 **L. R. A.** 33; 4 **L. R. A.**
**(N. S.)** 786; 27 **L. R. A. (N. S.)** 550.

3. Failure of widow to occupy homestead as affecting her rights
therein, note, 12 **Ann. Cas.** 786.

Widow's right to convey, lease or encumber the homestead during the
minority of her children, note, 10 **L. R. A. (N. S.)** 787.

separate estate of her husband, does not forfeit that homestead if she fails to reside continuously thereon, but holds possession of the property through her tenants.

[4] ID.—FORFEITURE—ABANDONMENT—JOINDER IN PARTITION SUIT.—A forfeiture or abandonment of such probate homestead is not evidenced by the joinder of the widow with the owner of an undivided interest in the fee, in seeking a partition of the homestead property.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

tum Suden & tum Suden for Appellants.

Edgar D. Peixotto and Cleveland R. Wright for Respondents.

LANGDON, P. J.—This is an appeal by the plaintiffs from an interlocutory decree in a partition suit. By said decree certain land in San Francisco was ordered to be sold and the proceeds divided in fractional parts among the defendants and the plaintiff, Lawrence Krieg.

The plaintiffs alleged that Margaret Krieg was the owner of, and in possession of, a homestead right for life in the said land, granted to her by a decree of the superior court of this state, in and for the city and county of San Francisco, in proceedings in the matter of the estate of her deceased husband; that plaintiff, Lawrence Krieg, was the owner of an undivided one-fifth interest in fee simple absolute in said land, subject to the life estate of said Margaret Krieg. It was alleged, further, that the various defendants were, respectively, the owners in fee simple absolute of fractional shares in the remainder after the expiration of the life estate, and the court was asked to partition the property, and if partition in kind be found to be impracticable, that a sale be ordered and the proceeds thereof directed to be invested for the benefit of Margaret Krieg during her life and the principal distributed to the defendants as their interests might appear after the expiration of the life estate.

Defendants answered setting up that Margaret Krieg had not been residing on the property in question for a long time prior to the commencement of the action; that she was not at the time of the commencement of said action the head of

a family; that she had abandoned, terminated, and sur-
rendered the homestead and all her rights thereunder. They
asked for partition of the property among themselves and
plaintiff, Lawrence Krieg.

The trial court found that Margaret Krieg claimed under
an order of the superior court in the proceedings in probate
in the matter of her deceased husband's estate; that by said
order the property in controversy was set apart to Margaret
Krieg as and for a homestead for and during the term of
her natural life, and as and for a homestead unto Lawrence
Krieg, minor son of decedent, during the term of his
minority, or up until October 16, 1920; that by the decree
of distribution in said estate, said property was distributed
to the defendants and Lawrence Krieg, in the proportions
prescribed by the will of decedent, subject to the homestead
for life in Margaret Krieg; that Lawrence Krieg has arrived
at his majority; that Margaret Krieg has not, for a long
time prior to this action, occupied the premises as a home-
stead; that she is no longer the head of a family, and that
she has abandoned, terminated, and surrendered the home-
stead and all rights thereunder, and has no further right,
title, or interest in the property. Upon these findings the
trial court made an order for a sale of the premises and a
distribution of the proceeds among the defendants and
Lawrence Krieg, excluding Margaret Krieg from participa-
tion in the distribution.

The plaintiffs admitted in open court that Margaret Krieg
was not, at the time of the commencement of this action, nor
for a long time prior thereto, occupying the land and prem-
ises described in the complaint and sought to be partitioned,
as and for a home, but that she had rented out the said
premises to tenants who were then and there paying rent
therefor and occupying the same as such tenants. These ad-
missions, together with the order setting apart the home-
stead, the decree of distribution, etc., in the matter of the
estate of Anton Krieg, comprise all the evidence in the
record.

[1] It is beyond question that the plaintiffs were not en-
titled to the remedy which they sought. (Sec. 752, Code
Civ. Proc.) Plaintiffs were neither joint tenants nor tenants
in common with the defendants. They are not entitled to
have the property partitioned. (*Mills* v. *Stump*, 20 Cal.
App. 84 [128 Pac. 349].) [2] Appellants' contention that

defendants waived this objection by their failure to raise it, specifically, is without merit. The complaint on its face does not state a cause of action in this state. Such an objection is not waived by failure to make it in the trial court, but may be taken advantage of for the first time upon appeal.

But a decision of this question does not meet the problem presented upon this appeal, because the trial court went further than to deny the prayer of the plaintiffs; it gave to the defendants such affirmative relief as absolutely destroyed the homestead right of Margaret Krieg in this property. Such action was based upon the finding that Margaret Krieg had abandoned her homestead rights. [3] We are thus confronted with the questions: Does a widow, to whom there has been set apart by decree of the superior court a homestead for life out of the separate estate of her husband, forfeit that homestead if she fails to continuously reside thereon, but holds possession of the property through her tenants? [4] Is there any forfeiture or abandonment evidenced by the joinder of the widow with the owner of an undivided interest in the fee, in seeking a partition of the homestead property?

We are of the opinion that both of these questions must be answered in the negative. The decree of the superior court, setting apart to Margaret Krieg a homestead for life, vested in her an estate in the property. (*Fealey* v. *Fealey*, 104 Cal., at p. 360 [43 Am. St. Rep. 111, 38 Pac. 49]; *Estate of Moore*, 96 Cal. 522 [31 Pac. 584].) It was an unconditional estate and was not subject to be defeated by any condition subsequent. A decree setting apart a homestead is in the nature of a judgment in a proceeding *in rem* and can only be successfully attacked in equity upon the same grounds as a judgment *in personam* may be annulled. (*Fealey* v. *Fealey, supra.*) Such a judgment is not subject to collateral attack. (*Otto* v. *Long,* 144 Cal. 144, 147 [77 Pac. 885].) The order setting apart a homestead to Margaret Krieg for life, being a judgment *in rem* and binding upon all persons (*Kearney* v. *Kearney,* 72 Cal. 591 [15 Pac. 769]), and having the effect of vesting in her, absolutely, the estate thereby set apart to her, it would seem, as a natural consequence, that such an estate could not be defeated by the happening of some condition subsequent such as occupation of the property by her tenants. It is needless to point out the incongruities that would arise if,

after the vesting of title to the homestead for life, the widow was to be subjected to continual suits to divest her of this right upon various allegations of fact relied upon to evidence an abandonment. Her vested right would be in constant peril and its retention would depend upon her vigilance not only with regard to her own conduct but with regard to making proof thereof in a court of law. Such a condition would be repugnant to the absolute estate vested in her by the operation of the decree.

As to the effect of Mrs. Krieg's action in seeking a partition of the property, we know of no theory upon which such action could divest her of a vested right. She was simply mistaken as to one of the incidents of her estate and the trial court would have been justified in so holding and denying her prayer for partition and sale of the property. But her mistake in this regard cannot have the effect of working a forfeiture of her life interest in the homestead property, nor enlarge the estate of the defendants therein.

The judgment in the present case is in conflict with the decisions in this state as to the nature of the estate conveyed to a widow by a decree in a probate proceeding setting aside to her a homestead, and in conflict with the settled rule regarding the finality and binding effect of such a decree.

The judgment is reversed.

Nourse, J., and Sturtevant, J., concurred.