[Civ. No. 11542. First Appellate District, Division Two.—January 15, 1941.]

ETHEL E. STIEBEL et al., Appellants, v. ELIZABETH CLARE ROBERTS et al., Defendants and Respondents; BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association) et al., Interveners and Respondents.

Potter & Potter for Appellants.

Chase, Barnes & Chase for Defendants and Respondents.

M. J. Rankin, Milo V. Olson and William C. Day for Interveners and Respondents.

SPENCE, J.—This is an appeal by plaintiffs from a judgment in favor of the defendants and also in favor of the interveners.

Plaintiffs are some of the beneficiaries under the will of Charles H. Roberts, deceased. Defendant Elizabeth Clare Roberts is the widow of said deceased and a beneficiary under said will. Defendants Charles Sims and Earl J. Wherry are also beneficiaries under said will and were named as defendants because of their refusal to join with plaintiffs in prosecuting this action. Defendant C. S. Price is an attorney at law who acted as attorney for the executrices.

Plaintiffs brought this action seeking to set aside an order of the probate court setting apart absolutely to defendant Elizabeth Clare Roberts a certain lot of land as a probate homestead. After said order had been made, defendant Elizabeth Clare Roberts executed a deed of trust upon said lot to secure a note in the sum of $2,500. The interveners obtained leave to file their complaint in intervention in this action seeking to have said deed of trust declared to be a valid and subsisting lien upon said lot and prior to any interest of any of the parties to the action.

Said Charles H. Roberts, deceased, died testate in 1933. In the same year, letters testamentary were issued to defendant Elizabeth Clare Roberts, his widow, and to plaintiff Ethel E. Stiebel, his daughter by a former marriage. Defendant C. S. Price was the attorney for said executrices. Said executrices filed an inventory and appraisement and, in 1934, they filed a first account and a report. Thereafter and in the same year defendant Elizabeth Clare Roberts individually filed a petition and later an amended petition for an order setting apart a certain lot as a probate homestead. She alleged therein among other things that said property was community property; that it consisted of a bungalow court in which she was residing; and that it was impossible to give a description of that portion of said lot upon which the bungalow was situated in which she was residing, and that she therefore selected and designated the entire lot and asked that it be set apart to her as a probate homestead. Said amended petition came on for hearing and was granted on October 10, 1934. The order recited that notice of the hearing of the amended petition had been given as required by law; that the inventory and appraisement had been filed; that no homestead had been selected during the lifetime of the deceased; and that the lot described was community property. It was ordered that said lot be "set apart absolutely as a homestead for the use and benefit of Elizabeth Clare Roberts, the widow of the deceased." In 1936, a motion was made to vacate said order but said motion was denied. It does not appear that any appeal was ever attempted from either the order setting apart the homestead or from the order denying the motion to set aside said order.

The present action was commenced in 1937. All of the foregoing facts were alleged in the complaint and there were

many other allegations. Demurrers to the complaint were overruled and defendants answered. The complaint in intervention was filed and an answer thereto was filed. The cause was set down for trial and certain stipulations were entered into by the parties and certain evidence was introduced relating to the facts set forth in the complaint in intervention. When plaintiffs offered evidence in support of their complaint, objection was made on the ground that said complaint failed to state a cause of action. Said objection was sustained. Plaintiffs then moved to amend their complaint by adding as a party plaintiff ''Ethel E. Stiebel, as executrix of the Estate of Charles H. Roberts, deceased'' and by adding certain further allegations. Said motion was denied. The judgment of the trial court was thereafter entered. With respect to plaintiffs' complaint, it was adjudged that said complaint be dismissed and that plaintiffs take nothing by their action. With respect to the complaint in intervention, it was adjudged that the deed of trust was a valid and subsisting lien upon said lot and that the interest of plaintiffs, if any, and the interest of defendants were subordinate thereto. The portion of the judgment relating to the complaint in intervention was based upon findings of fact and conclusions of law theretofore filed. Plaintiffs appealed from the entire judgment.

Plaintiffs contend that the trial court erred in dismissing their complaint and in entering judgment in favor of the defendants and interveners. They claim that their complaint stated facts sufficient to constitute a cause of action to set aside the order setting apart the probate homestead ''on the ground of extrinsic fraud and/or lack of jurisdiction.''

We will first consider plaintiffs' contention in so far as it may relate to the judgment in favor of the interveners. It is not alleged that said interveners were parties to any fraud, extrinsic or otherwise, and it is apparently conceded that their deed of trust was valid unless the judgment roll in the proceeding to set apart the homestead showed on its face that the order setting apart the homestead was void for want of jurisdiction in the probate court to make such order.

Plaintiffs claim that such order was void on its face is based upon the fact that the judgment roll in the proceeding to set apart the homestead did not contain an affidavit showing that notice of the hearing of the petition had been mailed or personally served upon Ethel E. Stiebel,

the coexecutrix of the petitioner. (Prob. Code, secs. 1200 and 1242.) It appears from said judgment roll however that such notice had been posted as required by law and the order setting apart the homestead recited that "notice of the hearing of the amended petition herein for an order setting apart homestead has been given as required by law." It is a sufficient answer to plaintiffs' claim to point out that the failure to mail or personally serve such a notice upon a coexecutrix does not affect the jurisdiction of the probate court. The proceedings of the probate court are proceedings *in rem* and jurisdiction to hear and determine a petition for the setting apart of a probate homestead is acquired by the filing of the petition and the posting of notice as required by law. "The personal notices are not jurisdictional . . . " (11A Cal. Jur. 151, sec. 84.) Their purpose is not the same as that of a summons but is somewhat similar to that of certain citations. As was said in *S. F. Prot. O. A.* v. *Superior Court,* 116 Cal. 443, at page 453 [48 Pac. 379], "The office of the citation, then, was not like that of a summons, to give the court jurisdiction." While the failure to give such personal notice might constitute grounds for reversal of an order on appeal or for relief under section 473 of the Code of Civil Procedure, we conclude that the failure to give such personal notice to the coexecutrix in the instant case did not deprive the probate court of jurisdiction and that the order of the probate court was not void on its face. It follows that judgment must be affirmed in so far as said judgment relates to the interveners and adjudges the validity of said deed of trust.

■ This brings us to a consideration of the contention of plaintiffs that the complaint stated a cause of action as against the defendants to set aside the order on the ground of extrinsic fraud. In this connection, it may be stated that plaintiffs apparently concede that defendant Elizabeth Clare Roberts was entitled to have a homestead set apart for a limited period but they contend that the property was separate property rather than community property and that said defendant was not entitled to have said property set apart absolutely.

The allegations of the complaint were quite lengthy but we believe that the main allegations were that the property set apart was the separate property of the deceased; that defendant Elizabeth Clare Roberts and defendant C. S. Price, who had acted for both executrices and who had appeared as attorney for defendant Elizabeth Clare Roberts individually in

the proceeding to set apart the homestead, knew that said property was separate property; that the coexecutrix "had no knowledge as to whether the property belonging to the estate was community or separate property"; that defendants Elizabeth Clare Roberts and C. S. Price falsely represented to the probate court that said property was community property, falsely represented the value of the estate and of the property set apart and falsely represented the impossibility of giving a description of the portion of the lot on which the bungalow was situated in which defendant Elizabeth Clare Roberts was residing; that no notice of said proceeding was ever given to the coexecutrix; and that said proceedings were "concealed from plaintiffs".

We are of the opinion that the allegations of said complaint were insufficient to state a cause of action to set aside said order of the probate court. In many respects these allegations were similar to those which were under consideration in *Hanley* v. *Hanley*, 114 Cal. 690, where the court said at page 693 [46 Pac. 736], "A judgment or decree of a court of competent jurisdiction can be set aside in an independent equitable proceeding for fraud, only where the fraud alleged was extrinsic or collateral to the matter which was tried and determined by such court; and such is not the character of the fraud alleged in the complaint in this action." (See, also, *Fealey* v. *Fealey*, 104 Cal. 354, 355 [38 Pac. 49, 43 Am. St. Rep. 111].) The plaintiffs here were beneficiaries under the will of the deceased. ■ It is conceded that they had filed no request for special notices and there was therefore no duty resting upon defendants to give plaintiffs any personal notice of the proceedings. Notice was posted as required by law and the order of the probate court was binding upon plaintiffs without personal notice to them. (*Kearney* v. *Kearney*, 72 Cal. 591 [15 Pac. 769].) Any alleged fraud set forth in the complaint here was not "extrinsic or collateral to the matter which was tried and determined" but was intrinsic fraud which is insufficient to warrant the setting aside of the order under attack. ■ The rule declaring intrinsic fraud to be insufficient has been established in order that there may be an end to litigation for as was said in *Pico* v. *Cohn*, 91 Cal. 129, at page 134 [25 Pac. 970, 27 Pac. 537, 25 Am. St. Rep. 159, 13 L. R. A. 336], "Endless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice; and so the rule is, that a

final judgment cannot be annulled merely because it can be shown to have been based on perjured testimony; for if this could be done once, it could be done again and again, *ad infinitum.*"

Plaintiffs finally contend that the trial court abused its discretion in denying plaintiffs' motions for leave to amend the complaint. We find no merit in this contention. It does not appear that the complaint would have been sufficient to state a cause of action even if the proposed amendments had been allowed and the denial of the motions cannot be held to have constituted an abuse of discretion.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 13, 1941.