196 Cal.App.2d 809 (1961)
Estate of ANN DELL, Deceased. HARRIETT DELL SIGOURNEY, Appellant,
v.
T. W. WARD, as Executor, etc., et al., Respondents.
Civ. No. 24825. 
California Court of Appeals. Second Dist., Div. Four. 
Nov. 14, 1961.
 Rinehart, Merriam, Parker & Berg and Jay D. Rinehart for Appellant.
 Brown, Hamill, Wopschall & Whatley and Stanley K. Brown for Respondents.
 BALTHIS, J.
 In this probate proceeding the court, in 1955, made an order setting apart a probate homestead for the surviving husband, Harry C. Dell. In April 1960 the court, upon motion of the executor and legatees under the will of the decedent Ann Dell, made an order setting aside the principal portions of the 1955 order and the appeal is taken from this last order.
 The decedent wife died July 15, 1954, survived by her husband. The husband filed a petition for an order setting apart a probate homestead as to specific property alleging *811 that the property was community. The executor filed objections to the petition claiming that the property was the separate property of decedent. At the hearing, attorneys for both the petitioning husband and the executor appeared and the statement was made to the court that a stipulation had been agreed upon; that an order should be made setting apart a homestead to the surviving husband for a period of five years; and that at the end of five years the property should be sold and the proceeds divided equally between the husband and the legatees named in decedent's will. The court then made its order pursuant to the stipulation which was entered in the minutes on May 26, 1955. No specific finding was made that the property was either community or separate. A formal order setting apart the homestead, with the same terms, was entered July 13, 1955.
 On August 1, 1955, the same parties (the husband and the executor of the decedent's will), through their attorneys, entered into a written stipulation that in the division of the proceeds of the property when sold the husband would claim no credit for payments made on the encumbrances or taxes against, or for maintenance of, the property. This stipulation is not necessarily material in view of the finality of the order.
 No appeal was taken from the 1955 order and it became final.
 The husband died before the end of the five-year period, and the executor of the will thereupon filed a petition for distribution of the entire proceeds from the sale of the property to the legatees named in the wife's will. The heir of Harry C. Dell, deceased, the appellant here, filed objections to the proposed distribution by reason of the 1955 order and thereafter the executor and legatees under the will filed a motion to set aside portions of the 1955 order providing for sale of the property and division of the proceeds. Upon the order made vacating portions of the 1955 order, this appeal was taken.
 Appellant contends that the 1955 order was a final, valid order; that certain rights were thereby established and became vested in the husband or his heirs; that upon distribution of the wife's estate (which includes the full proceeds from sale of the property) one-half should go to the husband's heir (appellant here) and one-half to the legatees named in decedent's will; that the 1955 order was proper but, even if erroneous as a matter of law, it could not be set aside years after it became final. *812
 Respondents contend that the 1955 was invalid in that it purported to determine more than the setting apart of a probate homestead; that the substantive rights of the legatees could not be adjudicated without personal notice to them; that the individual legatees were not bound by the stipulation made by the attorney for the executor.
 The question presented is whether or not the 1955 order setting apart certain property to the surviving spouse for a limited period, and further providing that at the end of the period the property should be sold with one- half of the proceeds going to the surviving spouse, is a valid and binding order on all interests concerned.
 We are of the opinion that the appellant's contentions are substantially correct.
 [1] The probate court had jurisdiction to make the order setting apart the probate homestead under section 661 of the Probate Code. The only notice required for the hearing, pursuant to section 662, is that required under section 1200 of the same code (posting by the clerk and the mailing of notices to the executor and to those requesting special notice). The 1955 order recites that "notice of the time and place of hearing ... has been duly and regularly given in the manner and for the period required by law."
 [2] Any interest or title had by the legatees or devisees in decedent's estate was subject to administration, which includes the power to set apart probate homesteads. [3] In Estate of Davis, 86 Cal.App.2d 263, 265 [194 P.2d 713], it was held that the testator's power of testamentary disposition is subordinate to the authority conferred upon the probate court to designate and set apart a probate homestead to the surviving spouse. (See Prob. Code, 300.)
 [4] Personal notice to the legatees (respondents here), prior to the making of the 1955 order, was not required before the court could adjudicate the rights of the surviving spouse to the probate homestead. The probate jurisdiction is in rem and once the petition to set apart the homestead is filed and notice is given under section 1200 the court acquires full jurisdiction. (Estate of Bette, 171 Cal. 583 [153 P. 949]; Fealey v. Fealey, 104 Cal. 354 [38 P. 49, 43 Am.St.Rep. 111]; Stiebel v. Roberts, 42 Cal.App.2d 434 [109 P.2d 22].)
 [5] The petition to set apart the homestead and the objections thereto did put in issue whether the property was community or separate. It is proper for the court to pass upon this question in view of the provisions of section 661, *813 Probate Code. Although the court did not make any finding as to whether the property was community or separate, it is too late to raise this objection more than four years after the order was made.
 It is to be noted that the executor of decedent's will was represented at the hearing by his attorney. The attorney for the petitioning husband and the attorney for the executor represented to the court that a stipulation had been agreed upon and the order was made accordingly. [6] While it is true that the attorney for the executor does not personally represent the legatees, nevertheless he does act for the duly appointed representative of the estate and the one who is authorized and empowered to carry out the will. [7] Under section 1200, Probate Code, notice to the executor is sufficient with respect to petitions for probate homestead or for family allowance after inventory, to mention but two of the matters covered by the section, unless the heir or legatee has requested special notice.
 [8] The 1955 order setting apart the probate homestead became final and provisions thereof relating to sale and division of proceeds, and establishing the rights of the parties, could not be set aside by motion made more than four years later, even assuming the order made was erroneous as a matter of law. [9] An order setting apart a probate homestead cannot be set aside after it has become final. (Estate of Bette, 171 Cal. 583 [153 P. 949]; Fealey v. Fealey, 104 Cal. 354 [38 P. 49, 43 Am.St.Rep. 111].) A final order designating a probate homestead will not be set aside even for intrinsic fraud. (Hanley v. Hanley, 114 Cal. 690 [46 P. 736]; Stiebel v. Roberts, 42 Cal.App.2d 434 [109 P.2d 22].)
 The order made in April 1960, setting aside portions of the 1955 order providing for the probate homestead, was erroneous and is therefore reversed.
 Burke, P. J., and Jefferson, J., concurred.